UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY L. PATTON,<br><br>Plaintiff,<br><br>v.<br><br>F.N.P. LOADHOLT, et al.,<br><br>Defendants. | No. 2:19-cv-0451 KJN P<br><br><br><br>ORDER |

Plaintiff is a state prisoner, proceeding pro se and in forma pauperis, with a civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's motion for a court-appointed expert witness (a urologist). (ECF No. 41.) For the reasons stated herein, plaintiff's motion is denied.

Rule 706 of the Federal Rules of Evidence authorizes the court to appoint an independent expert. Such an appointment is within the discretion of the trial judge and may be appropriate when "scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or decide a fact in issue." See Torbert v. Gore, 2016 WL 3460262, at *2 (S.D. Cal. June 23, 2016) (citation omitted); see also Armstrong v. Brown, 768 F.3d 975, 987 (9th Cir. 2014) ("A Rule 706 expert typically acts as an advisor to the court on complex scientific, medical, or technical matters.").

An expert appointed pursuant to Rule 706 does not serve as an advocate for either party,

and each party retains the ability to call its own experts. Fed. R. Evid. 706(e); Faletogo v. Moya, 2013 WL 524037, at *2 (S.D. Cal. Feb. 12, 2013) (Rule 706 "does not contemplate court appointment and compensation of an expert witness as an advocate for one of the parties."). "The in forma pauperis statute, 28 U.S.C. § 1915, does not authorize federal courts to appoint or authorize payment for expert witnesses for prisoners or other indigent litigants." Stakey v. Stander, 2011 WL 887563, at *3 n.1 (D. Idaho Mar. 10, 2011); see also Dixon v. Ylst, 990 F.2d 478, 480 (9th Cir. 1993) ("The magistrate judge correctly ruled that 28 U.S.C. § 1915, the in forma pauperis statute, does not waive payment of fees or expenses for witnesses."). "Ordinarily, the plaintiff must bear the costs of his litigation, including expert expenses, even in pro se cases." Stakey, 2011 WL 887573, at *3 n.1.

In this case, it appears that plaintiff is seeking to have the court appoint an expert witness to advocate on his behalf, which is not authorized by Rule 706. Even if plaintiff is truly seeking a neutral expert, the undersigned finds that appointment of a neutral expert is not warranted at this early stage of the litigation. On March 17, 2020, the court issued a scheduling order. No dispositive motions been filed. At this stage of the litigation, the undersigned cannot determine whether appointment of an expert is required to advise the court on complex scientific, medical or technical matters.

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion for a court-appointed expert witness (ECF No. 41) is denied.

Dated: April 8, 2020

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

patt0451.31c

2