UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY L. PATTON, | No. 2: 19-cv-0451 KJM KJN P |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| F.N.P. LOADHOLT, et al., | |
| Defendants. | |

Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983.  Pending before the court is defendant Kelso's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).  (ECF No. 44.)  For the reasons stated herein, the undersigned recommends that defendant Kelso's motion to dismiss be granted.

Legal Standard for 12(b)(6) Motion

A complaint may be dismissed for "failure to state a claim upon which relief may be granted."  Fed. R. Civ. P. 12(b)(6).  To survive a motion to dismiss for failure to state a claim, a plaintiff must allege "enough facts to state a claim for relief that is plausible on its face."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).  A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 556).  The plausibility standard is not akin to a "probability

1

requirement," but it requires more than a sheer possibility that a defendant has acted unlawfully. Iqbal, 556 U.S. at 678.

Dismissal under Rule 12(b)(6) may be based on either: (1) lack of a cognizable legal theory, or (2) insufficient facts under a cognizable legal theory. Chubb Custom Ins. Co. v. Space Sys./Loral, Inc., 710 F.3d 946, 956 (9th Cir. 2013). Dismissal also is appropriate if the complaint alleges a fact that necessarily defeats the claim. Franklin v. Murphy, 745 F.2d 1221, 1228-1229 (9th Cir. 1984).

Pro se pleadings are held to a less-stringent standard than those drafted by lawyers. Erickson v. Pardus, 551 U.S. 89, 93 (2007) (per curiam). However, the court need not accept as true unreasonable inferences or conclusory legal allegations cast in the form of factual allegations. See Ileto v. Glock Inc., 349 F.3d 1191, 1200 (9th Cir. 2003) (citing Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981)).

In ruling on a motion to dismiss filed pursuant to Rule 12(b)(6), the court "may generally consider only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice." Outdoor Media Group, Inc. v. City of Beaumont, 506 F.3d 895, 899 (9th Cir. 2007) (citation and quotation marks omitted). Although the court may not consider a memorandum in opposition to a defendant's motion to dismiss to determine the propriety of a Rule 12(b)(6) motion, see Schneider v. Cal. Dep't of Corrections, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998), it may consider allegations raised in opposition papers in deciding whether to grant leave to amend. See, e.g., Broam v. Bogan, 320 F.3d 1023, 1026 n.2 (9th Cir. 2003).

Plaintiff's Allegations

This action proceeds on plaintiff's amended complaint filed June 7, 2019, against defendant Nurse Loadholt, Dr. Brar, Dr. Moon, Dr. Sanchez, Dr. Rading, Dr. Dhillon, Dr. Aguilera, Dr. Hailer and Medical Receiver Kelso. (ECF No. 9.) Plaintiff generally alleges that all defendants failed to treat his hepatitis C with the available medication on the grounds that the medication was too costly. (Id.)

////

2

1  The amended complaint contains the following specific allegations against defendant
2  Kelso:

> Defendant Clark Kelso who acted as Medical Receiver of all prisons and prisoners within the State of California and the (HUMC) at Sacramento from 2006-2017 and was aware that plaintiff being in a group of hepatitis C infected was untreated for their (Hep C) virus.
>
> Defendant Kelso failed to treat, recommend or order treatment or refer plaintiff to an expert who would have recommended an alternative medication, the time interval in which plaintiff should [have] been tested in order to assure that treatment was provided before the delay caused plaintiff to suffer the harm of kidney disease, cirrhosis, fibrosis of the liver, high blood pressure, hypertension and bone deficiency and a shorter life span.

(Id. at 17-18.)

As relief, plaintiff seeks money damages. (Id. at 3.) Plaintiff also requests that the court appoint an "expert urologist." (Id.)

Defendant Kelso's Motion to Dismiss

Defendant Kelso moves to dismiss on the following grounds: 1) plaintiff has not stated a potentially colorable claim against defendant Kelso; 2) defendant Kelso is entitled to quasi-judicial immunity; and 3) plaintiff is not entitled to injunctive relief in the form of a specific course of medical treatment. (ECF No. 44.)

For the reasons stated herein, the undersigned finds that defendant Kelso's motion to dismiss should be granted on the grounds that defendant Kelso is entitled to quasi-judicial immunity. For that reason, the undersigned need not address the other arguments raised by defendant Kelso in the motion to dismiss.

Quasi-judicial immunity is derived from the long-recognized common law doctrine of judicial immunity. In re Castillo, 297 F.3d 940, 947 (9th Cir. 2002). Partly to promote the use of the appellate process, acts performed by judges that relate to the judicial process are immune from attack. Id. Quasi-judicial immunity is immunity that extends to nonjudicial officers for "claims relating to the exercise of judicial functions." Id. (quoting Burns v. Reed, 500 U.S. 478, 499 (1991)). In other words, quasi-judicial immunity protects nonjudicial officers because their decisions are "functionally comparable" to those of a judge involving the exercise of discretion.

3

1  Antoine v. Byers & Anderson, 508 U.S. 429, 436 (1993).

2  Defendant Kelso was appointed to be the receiver for the health care system of the California Department of Correction and Rehabilitation ("CDCR").  See Plata v. Schwarzenegger, et al., C01–1351–TEH (N.D. Cal. Jan. 23, 2008) (class action alleging constitutional challenge to the adequacy of medical care provided throughout the California state prison system).  Upon defendant Kelso's appointment as receiver in 2008, the district court stated that "[t]he Receivership must continue to maintain its independence as an arm of the federal courts established to take over state operations...."  Id. at 5.  The district court ordered that "[a]ll powers, privileges, and responsibilities of the Receiver, as set forth in the Court's February 14, 2006 Order Appointing Receiver, shall continue in full effect, except as modified by subsequent orders...."  Id.  In the February 14, 2006 Order Appointing Receiver, the district court ordered that

> [t]he Receiver and his staff shall have the status of officers and agents of this Court, and as such shall be vested with the same immunities as vest with this Court.

Id. at 6.

Those judicial immunities extend to immunity from suit.  See Pierson v. Ray, 386 U.S. 547, 553–54 (1967) ( "Few doctrines were more solidly established at common law than the immunity of judges from liability for damages for acts committed within their judicial jurisdiction ...."); see also Coleman v. Schwarzenegger, 2007 WL 4276554 (E.D. Cal. Nov. 29, 2007) (holding that a receiver who was "imbued with the power and authority to act in the name of the Court as the Court's officer" had judicial immunity).  "[J]udicial immunity is not overcome by allegations of bad faith or malice, the existence of which ordinarily cannot be resolved without engaging in discovery and eventual trial."  Mireles v. Waco, 502 U.S. 9, 11 (1991).  There are two primary exceptions to the absolute judicial immunity: first, where the judge's action is "not taken in the judge's judicial capacity"; and second, where the judge's action, "though judicial in nature, is taken in the complete absence of all jurisdiction."  Id. at 11–12.

Quasi-judicial immunity applies to claims for damages and injunctive relief.  See Mullis v. Bankruptcy Court for the District of Nevada, 828 F.2d 1385, 1394 (9th Cir. 1987) ("The judicial or quasi-judicial immunity available to federal officers is not limited to immunity from damages,

1  but extends to actions for declaratory, injunctive and other equitable relief."); see also Marn v.
2  McMully Associates, 667 Fed.Appx. 978, 979 (9th Cir. 2016) (state court appointed receiver
3  entitled to quasi-judicial immunity in claim for damages or injunctive relief).

4      Plaintiff alleges that defendant Kelso failed to treat his hepatitis C.  Defendant Kelso is
5  entitled to absolute quasi-judicial immunity because plaintiff claims that defendant Kelso failed to
6  act within his official capacity as receiver of the health care system.

7      In his opposition, plaintiff alleges that he failed to obtain hepatitis C treatment because of
8  the cost of the treatment.  (ECF No. 45.)  Plaintiff argues that defendant Kelso is responsible for
9  his failure to obtain hepatitis C treatment because defendant Kelso was responsible for
10 "financing."  (Id.)  Defendant Kelso is entitled to absolute quasi-judicial immunity as to this claim
11 because plaintiff claims that defendant Kelso failed to authorize hepatitis C treatment because of
12 the cost due to his official capacity as receiver.

13     Plaintiff also alleges that it is too soon to dismiss defendant Kelso because plaintiff
14 intends to serve defendant Kelso with discovery inquiries regarding whether CDCR policies
15 prevented plaintiff from receiving treatment.  (Id.)  Plaintiff's desire to serve defendant Kelso
16 with discovery does not warrant delaying resolution of defendant Kelso's motion to dismiss.

17     The undersigned observes that plaintiff has filed a motion for leave to file a second
18 amended complaint and a proposed second amended complaint.  (ECF Nos. 52, 53.)  The
19 allegations in the second amended complaint against defendant Kelso are similar to those alleged
20 in the first amended complaint.  In the second amended complaint, plaintiff alleges that defendant
21 Kelso implemented an unconstitutional policy resulting in plaintiff's failure to receive treatment
22 for his hepatitis C.  (ECF No. 53 at 13.)  Plaintiff alleges that defendant Kelso failed to order
23 treatment for plaintiff for his hepatitis C or refer plaintiff to an expert.  (Id.)  Defendant Kelso is
24 entitled to absolute quasi-judicial immunity as to the allegations made against him in the second
25 amended complaint because plaintiff claims that defendant Kelso denied him treatment for
26 hepatitis C within his official capacity as receiver.

27     Because defendant Kelso is entitled to quasi-judicial immunity, plaintiff cannot cure the
28 pleading defects against this defendant.  Accordingly, the undersigned recommends that

1  defendant Kelso's motion to dismiss be granted.

2  Accordingly, IT IS HEREBY RECOMMENDED that defendant Kelso's motion to
3  dismiss (ECF No. 44) be granted.

4  These findings and recommendations are submitted to the United States District Judge
5  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days
6  after being served with these findings and recommendations, any party may file written
7  objections with the court and serve a copy on all parties.  Such a document should be captioned
8  "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the
9  objections shall be filed and served within fourteen days after service of the objections.  The
10 parties are advised that failure to file objections within the specified time may waive the right to
11 appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

12 Dated:  August 12, 2020

14 KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

17 Patt451.mtd