UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY L. PATTON, | No. 2: 19-cv-0451 KJM KJN P |
| Plaintiff, | |
| v. | ORDER |
| F.N.P. LOADHOLT, et al., | |
| Defendants. | |

Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's motion for appointment of an impartial expert pursuant to Federal Rule of Evidence 706. (ECF No. 60.) For the reasons stated herein, plaintiff's motion for appointment of an impartial expert is denied.

<u>Legal Standard</u>

The court has the discretion to appoint an expert pursuant to Rule 706(a) of the Federal Rules of Evidence. In relevant part, Rule 706 states that "[o]n a party's motion or on its own, the court may order the parties to show cause why expert witnesses should not be appointed..." Fed. R. Evid. 706(a). Pursuant to Rule 702, "a witness who is qualified as an expert by knowledge, skill, experience, training or education may testify in the form of an opinion or otherwise if: (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue..." Fed. R. Evid. 702.

> Where a party has filed a motion for appointment of a neutral expert under Rule 706, the court must provide a reasoned explanation of its ruling on the motion. Gorton v. Todd, 793 F.Supp.2d 1171, 1178 (E.D. Cal. 2011). Several factors guide the court's decision. First, and most importantly, the court must consider whether the opinion of a neutral expert will promote accurate fact finding. Id. at 1179. The court may also consider the ability of the indigent party to obtain an expert and the significance of the rights at stake in the case. Id. at 1182-84. Expert witnesses should not be appointed where they are not necessary or significantly useful for the trier of fact to comprehend a material issue in a case. Id. at 1181.

Johnson v. Cate, 2015 WL 5321784, at *2 (E.D. Cal. Sept. 10, 2015).

The determination to appoint an expert rests solely in the court's discretion and is to be informed by such factors as the complexity of the matters to be determined and the court's need for a neutral, expert review. See Ledford v. Sullivan, 105 F.3d 354, 358–59 (7th Cir. 1997). Conversely, it is much more common in our adversarial judicial system for the parties to retain their own medical experts.

Discussion

This action proceeds on plaintiff's amended complaint filed June 7, 2019. (ECF No. 9.) Plaintiff alleges that defendants denied him treatment for hepatitis C due to the cost of the treatment.

In the pending motion, plaintiff requests that the court appoint an impartial expert who will evaluate and assess the medical disputes which will be dispositive in summary judgment and trial. (ECF No. 60.) Plaintiff alleges that an impartial expert could, for example, inform the court of the time intervals in which plaintiff should have been tested for fibrosis escalation to assure that plaintiff was provided with medication before his liver significantly scarred. (Id. at 3.) Plaintiff alleges that an impartial expert could, for example, inform the court if plaintiff's present liver scarring, cirrhosis, kidney disease and high blood pressure are related to being untreated for hepatitis C. (Id.)

The discovery deadline was July 10, 2020, and the dispositive motion deadline is October 2, 2020. (ECF No. 40.) At this stage of the litigation, the undersigned cannot determine whether appointment of a neutral expert is required. The undersigned cannot determine whether appointment of a neutral expert is required until further development of the record. Accordingly,

1   plaintiff's motion for appointment of a neutral expert is denied as premature.

2       If the parties file dispositive motions, plaintiff may refile his request for appointment of a
3   neutral expert.  If no dispositive motions are filed, plaintiff may request that the trial judge
4   appoint a neutral expert.

5   <u>Additional Matter—Service of Defendant Brar</u>

6       On July 7, 2020, plaintiff filed a request for information regarding service of defendant
7   Brar.  (ECF No. 56.)  The undersigned addresses this request herein.

8       On September 12, 2019, the undersigned ordered service of defendant Brar.  (ECF No.
9   11.)  On November 20, 2019, service as to defendant Brar was returned unexecuted.  (ECF No.
10  19.)  On February 12, 2020, the court ordered plaintiff to provide additional information for
11  service of defendant Brar within sixty days.  (ECF No. 27.)  It appears that plaintiff's July 7, 2020
12  request is his untimely response to the February 12, 2020 order.

13      In his July 7, 2020 request, plaintiff alleges that he asked the California Medical Board for
14  information regarding the location of defendant Brar.  Attached to the request is a copy of a
15  medical release form, apparently prepared by the California Medical Board, which includes an
16  address for defendant Brar in Kingsburg, California.  (ECF No. 56 at 7.)  Plaintiff is ordered to
17  return the forms necessary for service of defendant Brar at the address in Kingsburg, California.

18      Accordingly, IT IS HEREBY ORDERED that:

19      1.  Plaintiff's motion for appointment of a neutral expert (ECF No. 60) is denied without
20          prejudice as premature;
21      2.  The Clerk of the Court is directed to send plaintiff a summons, one USM-285 form,
22          along with an instruction sheet and a copy of the amended complaint filed June 7,
23          2019;
24      3.  Within thirty days from the date of this order, plaintiff shall complete and submit the
25          attached Notice of Submission of Documents to the court, with the following documents:
26            a.  One completed USM-285 form for defendant Brar;
27            b.  Two copies of the endorsed amended complaint filed June 7, 2019; and
28  ////

c. One completed summons form or show good cause why he cannot provide such information.

Dated: August 13, 2020

*[signature]*
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Patt451.exp

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANTHONY L. PATTON,

    Plaintiff,

v.

F.N.P. LOADHOLT, et al.,

    Defendants.               No.  2: 19-cv-0451 KJM KJN P

                           NOTICE OF SUBMISSION OF DOCUMENTS

    Plaintiff hereby submits the following documents in compliance with the court's order filed _____ :

    \_\_\_\_        completed summons form

    \_\_\_\_        completed USM-285 forms

    \_\_\_\_        copies of the _____

                          Amended Complaint

DATED:

                          _____

                                Plaintiff