1
2
3
4
5
6
7

8              UNITED STATES DISTRICT COURT

9           FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   ANTHONY L. PATTON,                    No.  2: 19-cv-0451 KJM KJN P

12          Plaintiff,

13       v.                                ORDER

14   F.N.P. LOADHOLT, et al,

15          Defendants.

16

17        Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant

18   to 42 U.S.C. § 1983.  Pending before the court is plaintiff's motion for leave to file a second

19   amended complaint filed June 22, 2020.  (ECF No. 52.)  On June 30, 2020, defendants Dhillon,

20   Haile, Rading, Loadholt, Moon and Aguilera filed an opposition to plaintiff's motion to amend.

21   (ECF No. 54.)  On July 2, 2020, defendant Kelso joined in the opposition filed June 30, 2020.[1]

22   (ECF No. 55.)

23        For the reasons stated herein, plaintiff's motion for leave to file a second amended

24   complaint is denied with leave to file a third amended complaint.

25   ////

26

---

27   [1]  On August 13, 2020, the undersigned recommended that defendant Kelso's motion to dismiss
     be granted on the grounds that defendant Kelso is entitled to quasi-judicial immunity.  (ECF No.
28   66.)

1  Legal Standard

2       Federal Rule of Civil Procedure 15 requires that a plaintiff obtain either consent of the

3  defendant or leave of court to amend its complaint once the defendant has answered, but "leave

4  shall be freely given when justice so requires."  Fed. R. Civ. P. 15(a); see, e.g., Chodos v. W.

5  Publ'g Co., 292 F.3d 992, 1003 (9th Cir. 2002) (leave to amend granted with "extreme

6  liberality").

7       In determining whether to grant leave to amend, a court is to consider five factors:

8  "(1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) futility of amendment; and

9  (5) whether the plaintiff has previously amended his complaint."  Nunes v. Ashcroft, 375 F.3d

10  805, 808 (9th Cir. 2004).  The factors are not weighed equally.  "Futility of amendment can, by

11  itself, justify the denial of a motion for leave to amend."  Bonin v. Calderon, 59 F.3d 815, 845

12  (9th Cir. 1995).  Undue delay, "by itself...is insufficient to justify denying a motion to amend."

13  Owens v. Kaiser Foundation Health Plan, Inc., 244 F.3d 708, 712-13 (9th Cir. 2001) (quotation

14  marks omitted) (quoting Bowles v. Reade, 198 F.3d 752, 757-58 (9th Cir. 1999)).  "[I]t is the

15  consideration of prejudice to the opposing party that carries the greatest weight."  Eminence

16  Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003).  "Absent prejudice, or a

17  strong showing of any of the remaining [ ] factors, there exists a presumption under Rule 15(a) in

18  favor of granting leave to amend."  Id.

19  Background

20       This action proceeds on plaintiff's first amended complaint filed June 7, 2019, as to

21  defendants Loadholt, Brar, Moon, Sanchez, Rading, Dhillon, Aguilera, Haile and Kelso.  (ECF

22  No. 9.)

23       Plaintiff alleges that he was diagnosed with hepatitis C in 2006.  (Id. at 4.)  Plaintiff

24  alleges that he did not receive treatment for hepatitis C until 2018.  (Id.)  Plaintiff alleges that as a

25  result of the delay in his receipt of treatment for hepatitis C, he suffered kidney disease, cirrhosis,

26  fibrosis, high blood pressure, hypertension, bone deficiency and a shorter life span.  (Id.)

27       Plaintiff alleges that defendant Loadholt was his primary care provider ("PCP") in 2006.

28  (Id.)  Plaintiff alleges that defendant Brar was his PCP in 2008.  (Id. at 5.)  Plaintiff alleges that

1    defendant Moon was his PCP in 2009.  (<u>Id.</u> at 6.)  Plaintiff alleges that defendant Sanchez was his

2    PCP in 2010.  (<u>Id.</u> at 7.)  Plaintiff alleges that defendant Rading was his PCP in 2010.  (<u>Id.</u> at 10.)

3    Plaintiff alleges that defendant Dhillon was his PCP from 2011-2013.  (<u>Id.</u>)  Plaintiff alleges that

4    defendant Aguilera was his PCP from 2013-2017.  (<u>Id.</u> at 11.)  Plaintiff alleges that defendant

5    Haile was his PCP in 2015.  (<u>Id.</u> at 12.)

6          Plaintiff alleges that defendants Loadholt, Brar, Moon, Sanchez, Rading, Dhillon,

7    Aguilera and Haile told plaintiff that they would not treat plaintiff's hepatitis C because the

8    medication available at the prison was too costly.  (<u>Id.</u> at 4-12.)  Plaintiff alleges that defendants

9    Loadholt, Brar, Moon, Sanchez, Rading, Dhillon, Aguilera and Haile told plaintiff that treating

10   his kidney disease, caused by the untreated hepatitis C, would be less costly than treating his

11   hepatitis C.  (<u>Id.</u>)

12         Plaintiff alleges that defendant Kelso acted as Medical Receiver of all prisons and

13   prisoners within the State of California and the (HUMC) at Sacramento from 2006-2017 and was

14   aware that plaintiff was part of a group of hepatitis C infected who were untreated for their (Hep

15   C) virus.  (<u>Id.</u> at 17.)  Plaintiff alleges that defendant Kelso failed to treat, recommend or order

16   treatment or refer plaintiff to an expert.  (<u>Id.</u> at 17-18.)

17         The first amended complaint named nine doe defendants.  Plaintiff named the Chief

18   Medical Executive at California State Prison-Corcoran ("Corcoran") from 2006-2010 as "John

19   Doe 1."  (<u>Id.</u> at 7.)  Plaintiff named the Chief Physician and Surgeon at Corcoran from 2006-2010

20   as "John Doe 2."  (<u>Id.</u>)  Plaintiff named the Chief Medical Officer at Corcoran from 2006-2010 as

21   "John Doe 3."  (<u>Id.</u> at 9.)  Plaintiff named the Chief Medical Executive at the California Medical

22   Facility ("CMF") from 2010-2017 as "John Doe 4."  (<u>Id.</u> at 13.)  Plaintiff named the Chief

23   Physician and Surgeon at CMF from 2010-2017 as "John Doe 5."  (<u>Id.</u> at 14.)  Plaintiff named the

24   Chief Medical Officer at CMF from 2010-2017 as "John Doe 6."  (<u>Id.</u> at 15.)  Plaintiff named the

25   Deputy Director of Health Care Operations as "John Doe 7."  (<u>Id.</u>)  Plaintiff named the Statewide

26   Medical Executive from 2006-2007 as "John Doe 8."  (<u>Id.</u> at 16.)  Plaintiff named the Deputy

27   Medical Executive (Utilization Management) from 2007-2017 as "John Doe 9."  (<u>Id.</u> at 17.)

28   ////

The allegations against John Does 1-6 in the first amended complaint are the same. Plaintiff alleges that the John Doe defendants were the "overseers" of the other named defendants employed at their prisons.  (Id. at 7-9, 13-15.).  Plaintiff alleges that the John Doe defendants were aware of the prisoners infected with hepatitis C at their respective prisons.  (Id. at 7-9, 13-15.)  Plaintiff alleges that the John Doe defendants were aware that the other named defendants who they supervised failed to treat plaintiff for hepatitis C and kidney disease.  (Id. at 7-9, 13-15.).  Plaintiff alleges that the John Doe defendants failed to treat plaintiff for his hepatitis C and failed to recommend treatment or refer plaintiff to an expert.  (Id. at 7-9, 13-15.)  Plaintiff alleges that the John Doe defendants had the power to order the defendants they supervised to treat plaintiff yet failed to do so.  (Id. at 7-9, 13-15.)

Proposed Second Amended Complaint

The proposed second amended complaint names all the defendants named in the first amended complaint.  (ECF No. 53 at 2.)  The proposed second amended complaint names the following new defendants:  Dr. McGuinnes, Dr. McCabe, Dr. Bick, Dr. Ditomas, Chief Medical Officers Elam and J. Clark and Nurse Plasencia.  (Id.)

The allegations against defendants Loadholt, Brar, Moon, Sanchez, Rading, Dhillon and Haile in the proposed second amended complaint are the same as the allegations against these defendants in the first amended complaint.  (ECF No. 5-6, 8-12.)  Plaintiff's proposed second amended complaint includes additional allegations against defendant Kelso.  (Id. at 13-14.)  The undersigned has separately recommended that defendant Kelso's motion to dismiss be granted on the grounds that defendant Kelso is entitled to quasi-judicial immunity.  Accordingly, the undersigned addresses the additional allegations made against defendant Kelso in the proposed second amended complaint in the findings and recommendations addressing defendant Kelso's motion to dismiss.

In the proposed second amended complaint, plaintiff alleges that defendant McCabe was the Chief Physician and Surgeon at California State Prison-Corcoran ("Corcoran") from 2006-2010.  (Id. at 7.)  Plaintiff alleges that defendant McGuinness was the Chief Medical Officer ("CMO") at Corcoran from 2006-2010.  (Id.)  Plaintiff alleges that defendant Elam was the CMO

at the California Medical Facility ("CMF") from 2010-2017.  (Id. at 11.)  Plaintiff alleges that defendant J. Clark was the CMO at CMF from 2010-2017.  (Id.)  Plaintiff alleges that defendant Ditomas was the Chief Surgeon at CMF from 2010-2017.  (Id. at 12.)  Plaintiff alleges that defendant Bick was the Chief Medical Executive at CMF from 2010-2017.  (Id.)

Plaintiff alleges that defendants McCabe, McGuinness, Elam, J. Clark, Ditomas and Bick were the "overseers" of all physicians at the prisons where they were employed, including the defendants named in the first amended complaint.  (Id. 7-12.)  Plaintiff alleges that defendants McCabe, McGuinness, Elam, J. Clark, Ditomas and Bick were aware of all the prisoners infected with hepatitis C at their respective prisons.  (Id.)  Plaintiff alleges that defendant McCabe, McGuinness, Elam, J. Clark, Ditomas and Bick were aware that the other named defendants failed to treat plaintiff for hepatitis C.  (Id.)  Plaintiff alleges that defendants McCabe, McGuinness, Elam, J. Clark, Ditomas and Bick implemented, enforced and participated in a policy that caused harm to plaintiff.  (Id.)  Plaintiff alleges that defendants McCabe, McGuinness, Elam, J. Clark, Ditomas and Bick failed to treat plaintiff or refer plaintiff to an expert.  (Id.) Plaintiff alleges that defendants McCabe, McGuinness, Elam, J. Clark, Ditomas and Bick were members of the Utilization Management Committee ("UMC"), formerly the Medical Authorization Review Committee.  (Id.)

Plaintiff alleges that defendant Plascencia implemented, enforced and participated in a policy which violated plaintiff's constitutional rights.  Id. at 14.)  Plaintiff alleges that defendant Plasencia failed to treat or refer plaintiff to an expert who could have informed defendant of an alternative treatment for plaintiff's hepatitis C.  (Id.)

Discussion

The undersigned observes that defendant McCabe appears to be John Doe 2 named in the first amended complaint.  Defendant McGuinness appears to be John Doe 3 named in the first amended complaint.  Defendant Bick appears to be John Doe 4 named in the first amended complaint.  Defendant Ditomas appears to be John Doe 5 named in the first amended complaint. Defendants Elam and Clark appear to be John Does 6 named in the first amended complaint. Defendant Plasencia is not a John Doe defendant named in the first amended complaint.

1    The gravamen of plaintiff's claim against defendants McCabe, McGuinness, Bick,

2    Ditomas, Elam, Clark and Plasencia in the second amended complaint is that they implemented,

3    enforced and participated in a policy that caused plaintiff harm.  The second amended complaint

4    does not identify this policy.  However, liberally construing the second amended complaint,

5    plaintiff appears to allege that these supervisory defendants implemented, enforced and

6    participated in a policy to deny treatment to inmates with hepatitis C due to the cost of the

7    treatment.

8        *Prejudice*

9        Defendants argue that allowing plaintiff to amend his complaint would prejudice

10   defendants.  (ECF No. 54 at 4-5.)  Defendants argue that the proposed second amended complaint

11   would add seven defendants who purportedly oversaw policy or denied plaintiff hepatitis C

12   treatment over a course of approximately eleven years.  Defendants contend that they have

13   already investigated and produced considerable discovery responsive to plaintiff's claims against

14   them.  Defendants argue that based on plaintiff's unspecific allegations against the proposed new

15   defendants, they will be required to restart their investigation to determine any alleged

16   involvement by the newly identified officials.  Defendants argue that they will be required to

17   modify the current scheduling order to take additional discovery.  Defendants contend that this

18   indefinite delay will prejudice defendants.

19       As discussed above, plaintiff's proposed second amended complaint seeks to identify six

20   doe defendants named in the first amended complaint.  Defendants' opposition does not address

21   this issue.  In the motion to amend, plaintiff alleges that he discovered the identity of the doe

22   defendants through discovery.  (See ECF No. 52.)  For the following reasons, the undersigned

23   finds that plaintiff acted diligently in identifying the Doe defendants.

24       The undersigned observes that on November 13, 2019, this action was referred to the

25   Post-Screening ADR Project. (ECF No. 18.)  This action did not settle following the February 11,

26   2020 settlement conference.  On March 17, 2020, the undersigned issued the discovery and

27   scheduling order.  (ECF No. 40.)  The discovery deadline was July 10, 2020, and the dispositive

28   motion deadline is October 2, 2020.  (Id.)  Plaintiff filed his proposed second amended complaint

1   on June 22, 2020.  (ECF No. 53.)  These circumstances support plaintiff's claim that he

2   discovered the Doe defendants through discovery and that he acted diligently in identifying the

3   Doe defendants.

4        The Ninth Circuit has found that a district court abused its discretion by denying leave to

5   amend where the deficiencies could be cured by naming the correct defendant.  See Crowley v

6   Bannister, 734 F.3d 967, 978 (9th Cir. 2013).  Plaintiff's proposed second amended complaint

7   alleges a different theory of liability against the John Doe defendants than was alleged in the first

8   amended complaint.  However, the new theory of liability against the John Doe defendants in the

9   second amended complaint appears to be consistent with the theory of liability against the named

10  defendants in the first amended complaint, i.e, defendants failed to treat his hepatitis C based on a

11  policy to deny treatment because of the cost.

12       For these reasons, the undersigned finds that the prejudice suffered by defendants if

13  plaintiff is permitted to amend his complaint does not outweigh the prejudice suffered by plaintiff

14  if he is not permitted leave to amend in order to identify the John Doe defendants.  Crowley, 734

15  F.3d at 978 (citing Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980)).

16       *Futility of Proposed Amendments*

17       Defendants argue that plaintiff's proposed amendments are futile because plaintiff largely

18  premises his proposed Eighth Amendment claims on oversight and supervision but fails to

19  demonstrate any personal involvement by the newly alleged officials.  (Id. at 5.)  Defendants

20  argue that without pleading individual involvement or how these supervisory officials would have

21  known of an allegedly deficient policy, plaintiff's allegations fail to state a claim.  Defendants

22  argue that it would be improper to permit plaintiff to amend only for the prospective claims to fail

23  at screening or via a motion to dismiss.

24       In the proposed second amended complaint, plaintiff alleges that defendants McCabe,

25  McGuinness, Elam, J. Clark, Ditomas and Bick and defendant Plasencia implemented, enforced

26  and participated in a policy that caused harm to plaintiff.  As discussed above, plaintiff does not

27  identify the specific policy that the supervisory defendants implemented, enforced and

28  participated in that caused him harm.  For this reason, the motion to amend is denied.  However,

1    plaintiff is granted leave to file a third amended complaint specifically identifying the policy

2    which the newly named defendants allegedly implemented, enforced and participated in which

3    caused him harm.  While it appears that plaintiff is alleging that the supervisory defendants

4    implemented a policy of denying treatment to inmates with Hepatitis C due to the cost of the

5    treatment, plaintiff is required to clarify this claim in a third amended complaint.

6            Plaintiff is informed that under section 1983, liability may not be imposed on supervisory

7    personnel for the actions of their employees under a theory of respondeat superior.  Ashcroft v.

8    Iqbal, 556 U.S. 662, 677 (2009).  "In a § 1983 suit or a Bivens action - where masters do not

9    answer for the torts of their servants - the term 'supervisory liability' is a misnomer."  Id.

10   Therefore, when a named defendant holds a supervisory position, the causal link between him and

11   the claimed constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d

12   858, 862 (9th Cir. 1979).

13           To state a policy claim, a plaintiff must allege facts that show supervisory defendants

14   either: personally participated in the alleged deprivation of constitutional rights; knew of the

15   violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient

16   that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the

17   constitutional violation.'"  Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations

18   omitted); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

19           In Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), the Supreme Court held that the

20   pleading standard Federal Rule of Civil Procedure 8 announces does not require "detailed factual

21   allegations," but it demands more than "labels and conclusions and a formulaic recitation of the

22   elements of a cause of action…" Id. at 555 (citing Papasan v. Allain, 478 U.S. 265, 286 (1986)).

23   "Factual allegations must be enough to raise a right to relief above the speculative level…on the

24   assumption that all the allegations in the complaint are true even if doubtful in fact."  Id.

25           If plaintiff files a proposed amended complaint, he must identify the policy which the

26   newly named defendants implemented, enforced and participated in which allegedly caused him

27   harm.   Plaintiff must also plead specific facts in support of this claim.  For example, plaintiff

28   must allege how he knows that these defendants implemented a policy to deny treatment to

1   inmates with hepatitis C due to the cost of the treatment.  The third amended complaint must

2   allege more than conclusory allegations against the newly named defendants.

3        *Bad Faith*

4        Defendants argue that plaintiff's proposed amendments are made in bad faith because they

5   are not potentially colorable.  The undersigned does not find that plaintiff's proposed

6   amendments are made in bad faith.  Therefore, this factor does not support a finding that

7   plaintiff's motion for leave to amend should be denied.

8        *Previous Amendments*

9        As observed by defendants in the opposition, plaintiff filed the original complaint on

10  March 13, 2019.  (ECF No. 1.)  On May 8, 2019, the court dismissed the complaint with leave to

11  amend.  (ECF No. 6.)  On June 7, 2019, plaintiff filed the operative amended complaint.  (ECF

12  No. 9.)

13       As discussed above, the proposed second amended complaint identifies the previously

14  named John Doe defendants discovered by plaintiff through discovery.  Therefore, plaintiff's

15  previous amendment of his complaint is not dispositive of the pending motion.

16       *Conclusion*

17       For the reasons discussed above, plaintiff's motion to file a second amended complaint is

18  denied.  Plaintiff is granted thirty days to file a motion for leave to file a third amended complaint

19  along with a proposed third amended complaint.  Plaintiff shall not name defendant Clark Kelso

20  as a defendant in the proposed third amended complaint.  Plaintiff shall address the pleading

21  defects discussed above.  In other words, if the third amended complaint adds new claims the

22  undersigned will not be inclined to recommend that plaintiff be allowed to proceed on the third

23  amended complaint.

24       Plaintiff is informed that the court cannot refer to a prior pleading in order to make the

25  proposed third amended complaint complete.  Local Rule 220 requires that an amended complaint

26  be complete in itself without reference to any prior pleading.

27  ////

28  ////

9

1         Accordingly, for the reasons discussed above, IT IS HEREBY ORDERED that plaintiff's

2   motion to file a second amended complaint (ECF No. 52) is denied; plaintiff is granted thirty days

3   from the date of this order to file a third amended complaint.

4   Dated:  August 18, 2020

5

6   KENDALL J. NEWMAN
    UNITED STATES MAGISTRATE JUDGE

7

8   Patt451.ame

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28