UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY L. PATTON, | No. 2: 19-cv-0451 KJM KJN P |
| Plaintiff, | |
| v. | ORDER |
| F.N.P. LOADHOLT, et al., | |
| Defendants. | |

<u>Introduction</u>

Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983.  Pending before the court is plaintiff's motion to compel further responses to interrogatories from defendants Dhillon, Rading, Aguilera, Haile, Loadholt, Moon and Kelso. (ECF No. 58.)

On August 13, 2020, the undersigned recommended that defendant Kelso's motion to dismiss be granted on the grounds that defendant Kelso is entitled to quasi-judicial immunity. (ECF No. 66.)  Accordingly, plaintiff's motion to compel addressed to defendant Kelso is denied based on the pending findings and recommendations recommending that defendant Kelso's motion to dismiss be granted.

////

////

1

1    <u>Legal Standard</u>

2          The scope of discovery under Federal Rule of Civil Procedure 26(b)(1) is broad.

3    Discovery may be obtained as to "any nonprivileged matter that is relevant to any party's claim or

4    defense and proportional to the needs of the case."  Fed. R. Civ. P. 26(b)(1).  "Information within

5    this scope of discovery need not be admissible in evidence to be discoverable."  <u>Id.</u>  The court,

6    however, may limit discovery if it is "unreasonably cumulative or duplicative, or can be obtained

7    from some other source that is more convenient, less burdensome, or less expensive;" or if the

8    party who seeks discovery "has had ample opportunity to obtain the information by discovery;"

9    or if "the proposed discovery is outside the scope permitted by Rule 26(b)(1)."  Fed. R. Civ. P.

10   26(b)(2)(C).

11          "The party seeking to compel discovery has the burden of establishing that its request

12   satisfies the relevancy requirements of Rule 26(b)(1)."  <u>Bryant v. Ochoa</u>, 2009 WL 1390794 at *1

13   (S.D. Cal. May 14, 2009) (citations omitted).  "Thereafter, the party opposing discovery has the

14   burden of showing that the discovery should be prohibited, and the burden of clarifying,

15   explaining or supporting its objections."  <u>Id.</u>  The opposing party "has the burden to show that

16   discovery should not be allowed…"  <u>DIRECTV, Inc. v. Trone</u>, 209 F.R.D. 455, 458 (C.D. Cal.

17   2002).

18          Parties are obligated to respond to interrogatories to the fullest extent possible under oath,

19   Fed. R. Civ. P. 33(b)(3), and any objections must be stated with specificity, Fed. R. Civ. P.

20   33(b)(4); <u>Davis v. Fendler</u>, 650 F.2d 1154, 1160 (9th Cir. 1981) ("objections should be plain

21   enough and specific enough so that the court can understand in what way the interrogatories are

22   alleged to be objectionable").  A responding party is typically not required to conduct extensive

23   research in order to answer an interrogatory, but reasonable efforts to respond must be

24   undertaken.  <u>L.H. v. Schwarzenegger</u>, 2007 WL 2781132, *2 (E.D. Cal. Sep. 21, 2007).  Further,

25   the responding party has a duty to supplement any responses if the information sought is later

26   obtained or the response provided needs correction.  Fed. R. Civ. P. 26(e)(1)(A).

27   ////

28   ////

2

1  Discussion

2  This action proceeds on plaintiff's amended complaint filed June 7, 2019, against

3  defendants Nurse Loadholt, Dr. Brar, Dr. Moon, Dr. Sanchez, Dr. Rading, Dr. Dhillon, Dr.

4  Aguilera and Dr. Haile.  (ECF No. 9.)  Plaintiff generally alleges that all defendants failed to treat

5  his hepatitis C with the available medication on the grounds that the medication was too costly.

6  (Id.)

7  Plaintiff's motion to compel does not include copies of the at-issue interrogatories,

8  defendants' responses or plaintiff's meet and confer letter.[1]  Instead, the motion to compel

9  describes these documents.  Defendants do not dispute plaintiff's descriptions.

10  Plaintiff attached a copy of defendants' letter responding to his meet and confer letter as

11  an exhibit to his motion to compel.

12  *Interrogatory No. 19—Defendant Dhillon*

13  Interrogatory no. 19 asked, "If you did in fact recommend that plaintiff should be given

14  medication for the Hep (C) virus, would you name the person/persons who you gave the

15  recommendation to?"  (ECF No. 58 at 1.)

16  Defendant Dhillon responded, "I cannot recall the specific names of individuals.

17  However, I followed up with individuals in the Hepatitis C clinic at the time of treatment to

18  determine whether plaintiff qualified for elevated treatment."  (Id. at 1-2.)

19  Plaintiff alleges that in his meet and confer letter, he clarified interrogatory no. 19 as

20  follows:  "Would you provide the name/names of those who at the Hepatitis C clinic who would

21  be responsible for failing to treat plaintiff for the Hepatitis C virus during the time you refer in #

22  19?"  (Id. at 2.)

23  In response to plaintiff's meet and confer letter, defendants responded,

24  
25  
26  In response to plaintiff's request for the identities of the members of the Hepatitis C clinic, defendant Dhillon responded that after reasonable investigation, he cannot recall the identities of the members at the clinic at the time he treated plaintiff.  Defendant

27  [1] Local Rule 251, setting forth the requirement that parties meet and confer regarding discovery disputes, does not apply in this action.  See ECF No. 40 at 5 (Discovery and Scheduling Order:

28  "[U]nless otherwise ordered, Local Rule 251 shall not apply.").

1
2
Dhillon stated that he recalls consulting the Hepatitis C Clinic however.  Defendant Dhillon cannot provide a further response.

3
(Id. at 52.)

4   In the opposition to the motion to compel, defendants argue that defendant Dhillon cannot

5   recall the names of any specific individuals at the Hepatitis C Clinic.  (ECF No. 64.)  Defendant

6   Dhillon provided plaintiff with medical records to help ascertain any individual's identities.  (Id.)

7   The undersigned cannot order defendant Dhillon to provide plaintiff with information that

8   he does not recall after making a reasonable investigation.  Accordingly, no further response to

9   interrogatory no. 19 is required.  However, the undersigned observe that defendant Dhillon's

10  response to interrogatory no. 19 does not state that *after a reasonable investigation* he could not

11  recall the identities of the members of the Hepatitis C Clinic.  The better practice is to include this

12  information, i.e., *after a reasonable investigation*, in the response to the interrogatory.[2]

13  *Interrogatory No. 19—Defendant Rading*

14  Interrogatory No. 19 asked, "If you did in fact recommend that plaintiff should be given

15  the medication for the Hep (C) virus, would you name the person/persons who you gave the

16  recommendation to?"  (ECF No. 58 at 6.)

17  Defendant Rading responded, "Plaintiff was referred to the Hepatitis (C) clinic in

18  accordance with CDCR Healthcare guidelines at the time."  (Id.)

19  Plaintiff alleges that in his meet and confer letter addressed to defendants he clarified

20  interrogatory no. 19 as follows:  "You fail to name a person or policy which prevented the

21  treatment of plaintiff for the Hepatitis C virus, you state that plaintiff was referred to the Hepatitis

22  C clinic.  Would you name the person/persons who were assigned as employees and supervisors

23  of the Hepatitis C clinic at the time in which you state plaintiff was referred to the Hepatitis C

24  clinic?"  (Id. at 7.)

25  In response to plaintiff's meet and confer letter, defendants responded, "In response to

26  plaintiff's request for the identities the individuals employed at the Hepatitis C clinic,

27
28  _____
[2] The undersigned presumes that defendant Dhillon reviewed the medical records he provided to plaintiff in his attempt to respond to interrogatory no. 19.

1  defendant Rading can only recall referral to the Hepatitis C clinic, but not the names of

2  individuals employed there."  (<u>Id.</u> at 53.)

3       Interrogatory no. 19 asks defendant Rading for the names of the persons to whom he

4  recommended that plaintiff receive Hepatitis C medication.  While defendant's response to the

5  meet and confer letter indicates that defendant Rading does not recall the names of these persons,

6  defendant's response to interrogatory no. 19 does not.  Accordingly, defendant Rading shall serve

7  plaintiff with a verified supplemental response to interrogatory no. 19 stating that, after a

8  reasonable investigation, he does not recall the names of the persons at the Hepatitis C clinic.

9       *Interrogatory No. 6—Defendant Aguilera*

10       Interrogatory No. 6 asked, "Would you state what medicine/medications you prescribed

11  for any ailment that plaintiff suffered from during your treatment of plaintiff at CMF?"  (ECF No.

12  58 at 11.)

13       Defendant Aguilera responded, "Objection.  This request is not related to the claims or

14  defenses or either party.  Without waiving the stated objection and to the extent the request only

15  applies to Hepatitis C defendant responds as follows:  Defendant did not prescribe plaintiff any

16  medications for Hepatitis C as it was improper for a primary physician to do so."  (<u>Id.</u> at 12.)

17       Plaintiff alleges that in his meet and confer letter addressed to defendants, he clarified

18  interrogatory no. 6 as follows:  "This interrogatory is not limited to Hepatitis C, but any and all

19  medicines you prescribed for plaintiff for any ailment that plaintiff may have suffered from when

20  you treated him."  (<u>Id.</u>)

21       In response to plaintiff's meet and confer letter, defendants responded, "In response to

22  plaintiff's request regarding treatment for any ailment that plaintiff suffered from, defendant

23  reasserts his objections, but as identified in Interrogatory number 7, stated that he prescribed

24  plaintiff Lisinopril.  Defendant believes no further response is necessary."  (<u>Id.</u> at 53.)

25       Plaintiff has not shown the relevancy of information regarding every medication

26  prescribed by defendant Aguilera for every ailment suffered by plaintiff.  The undersigned finds

27  that interrogatory no. 6 is overbroad.  Accordingly, the motion to compel as to this interrogatory

28  is denied.

1    *Interrogatory No. 17—Defendant Aguilera*

2    Interrogatory No. 17 asked, "Would you state why plaintiff was not treated with the Hep

3    (C) virus medication that was available in the year (2013-2017) at CMF?"  (ECF No. 58 at 12.)

4    Defendant Aguilera responded, "At the time that I treated plaintiff, he did not qualify for

5    Hepatitis C treatment.  Furthermore, Hepatitis C treatments that were without major side effects

6    were not available within the institution."  (Id.)

7    Plaintiff alleges that in his meet and confer letter addressed to defendants, he clarified

8    interrogatory no. 17 as follows:  "You state that plaintiff did not qualify for the Hepatitis C

9    treatment.  Furthermore, Hepatitis C treatments that were not without major side effects were you

10   available within the institution.  Would you state what qualifications were needed for plaintiff to

11   be treated for the Hepatitis C virus?  Would you also state what medications were available for

12   Hepatitis C outside the institution?"  (Id. at 13.)

13   In response to plaintiff's meet and confer letter, defendants responded, "In response to

14   plaintiff's request, it appears you are asking a separate question in discovery.  Furthermore, as

15   identified in Interrogatory number 8, Ribavarin was a potential option for Hepatitis C treatment at

16   the time Defendant Aguilera was plaintiff's Primary Care Physician."  (Id. at 53.)

17   The undersigned agrees that plaintiff's request in the meet and confer letter for

18   information regarding medications available for Hepatitis C outside the institution falls outside

19   the scope of the information sought in interrogatory no. 17.  "Plaintiff cannot use the meet and

20   confer process to expand his discovery requests."   Wheeler v. Alison, 2014 WL 7157626, at *5

21   (E.D. Cal. Dec. 15, 2014); Tuvalu v. Woodford, 2006 WL 3201096, at *8 (E.C. Cal. Nov. 2,

22   2006) (a party cannot use a motion to compel to obtain a request to a discovery request that he did

23   not make).

24   However, interrogatory no. 17 asked defendant why plaintiff was not treated with the

25   available hepatitis C medication.  Defendant's response that plaintiff did not receive the

26   medication because he failed to qualify for treatment is vague and incomplete.  See Fed. R. Civ.

27   P. 37(a)(4) ("[A]n evasive or incomplete disclosure, answer, or response is to be treated as a

28   failure to disclose, answer, or respond.")  Defendant Aguilera is ordered to serve plaintiff with a

1    verified supplemental response to interrogatory no. 17 addressing more specifically why plaintiff

2    failed to qualify for treatment with the available Hepatitis C medication.

3            *Interrogatory No. 19—Defendant Aguilera*

4            Interrogatory No. 19 asked, "If you did in fact recommend that plaintiff should be given

5    the medication for Hep (C) virus, would you name the person/persons who you gave the

6    recommendation to?"  (ECF No. 58 at 13.)

7            Defendant responded, "I do not make recommendations as a primary care physician.

8    Plaintiff was referred to a Hepatitis C clinic for possible referral to elevated care."  (Id.)

9            Plaintiff alleges that in his meet and confer letter addressed to defendants, he clarified

10   interrogatory no. 19 as follows:  "You state that plaintiff was referred to a Hepatitis C clinic for

11   possible referral to elevated care.  This interrogatory seeks the name/names of persons

12   responsible for plaintiff not receiving treatment for the Hepatitis C virus.  Would you name the

13   person/persons who were employed in the Hepatitis C clinic at the time relevant to this

14   interrogatory?"  (Id. at 13-14.)

15           In response to plaintiff's meet and confer letter, defendants responded, "In response to

16   plaintiff's request regarding the names of individuals who were employed in the Hepatitis C

17   clinic during the time of defendant Aguilera's treatment, Defendant Aguilera stated that he does

18   not make recommendations for Hepatitis C care as a Primary Care Physician.  However, plaintiff

19   was referred to the Hepatitis C clinic who can then make the determination about plaintiff's

20   Hepatitis C needs.  Defendant cannot identify the names of individuals in the clinic."  (Id. at 53.)

21           Defendant Aguilera is ordered to serve plaintiff with a verified supplemental response to

22   interrogatory no. 19 stating that, after a reasonable investigation, he cannot identify the names of

23   the individuals at the Hepatitis C clinic with whom he communicated regarding his referral of

24   plaintiff to the Hepatitis C clinic.

25           *Interrogatory No. 6—Defendant Haile*

26           Interrogatory No. 6 asked, "Would you state what medicine/medicines you prescribed for

27   any ailment that plaintiff suffered from during your treatment of plaintiff at CMF?"  (ECF No. 58

28   at 19.)

1   Defendant responded, "Objection.  The request is not related to the claims or defenses of

2   either party.  Without waiving the stated objection and to the extent the request only applied to

3   Hepatitis C, defendant responds as follows:  "I did not prescribe any medication for plaintiff's

4   Hepatitis C infection."  (Id.)

5   Plaintiff alleges that in his meet and confer letter addressed to defendants, he clarified

6   interrogatory no. 6 as follows:  "Plaintiff is requesting to know what medicines defendant Haile

7   prescribed not only for Hepatitis C virus, but for any ailment that plaintiff may have suffered

8   from."  (Id. at 20.)

9   In response to plaintiff's meet and confer letter, defendants responded, "In response to

10  plaintiff's request, defendant Haile reasserts her objections that the request is not related to the

11  claims or defenses of either party.  Plaintiff has not demonstrated that treatments offered for non-

12  Hepatitis C related conditions is relevant to this action."  (Id. at 54.)

13  Plaintiff has not shown the relevancy of information regarding every medication

14  prescribed by defendant Haile for every ailment suffered by plaintiff.  The undersigned finds that

15  interrogatory no. 6 is overbroad.  Accordingly, the motion to compel as to this interrogatory is

16  denied.

17  *Interrogatory Nos. 11, 12, 17, 19—Defendant Haile*

18  In the motion to compel, plaintiff does not provide the texts of interrogatories nos. 11, 12,

19  17 and 19.  Instead, according to defendants, in the motion to compel plaintiff set forth the text of

20  his meet and confer letter addressing interrogatory no. 19.

21  Defendants state that interrogatory no. 19 asked, "If you did in fact recommend that

22  plaintiff should be given medication for Hep (C) virus, would you name the person/persons who

23  you gave the recommendation to?"  (ECF No. 64 at 5.)  Defendant Haile responded, "I did not

24  give a recommendation to anyone to give Hepatitis C treatment to plaintiff.  Plaintiff did not

25  qualify for Hepatitis C treatment at the time."  (Id.)

26  In his meet and confer letter, plaintiff wrote, "You state that plaintiff did not qualify for

27  Hepatitis (C) treatment, although you state in interrogatory # 4 that you were aware that plaintiff

28  was infected with the hepatitis (C) virus in 2015.  Would you state what the qualifications were

8

1  for plaintiff to be treated for the Hepatitis (C) virus, and would you also state what excluded

2  plaintiff from such qualification?"  (ECF No. 58 at 24.)

3      In the opposition, defendants argue that in plaintiff's meet and confer letter, he changed

4  his interrogatory request to seek information regarding the qualification for Hepatitis C treatment

5  at the time.  The undersigned agrees that plaintiff's meet and confer letter improperly seeks

6  information beyond the scope of the information requested in interrogatory no. 19.  Wheeler v.

7  Alison, 2014 WL 7157626, at *5 (E.D. Cal. Dec. 15, 2014); Tuvalu v. Woodford, 2006 WL

8  3201096, at *8 (E.C. Cal. Nov. 2, 2006) (a party cannot use a motion to compel to obtain a

9  request to a discovery request that he did not make).

10     Defendant Haile adequately responded to interrogatory no. 19.  Accordingly, no further

11  response to this interrogatory is required.

12     *Interrogatory No. 6—Defendant Loadholt*

13     Interrogatory no. 6 asked, "Would you state what medicine/medicines you prescribed for

14  any ailment that plaintiff suffered from during your treatment of plaintiff at Cor-Csp."  (ECF No.

15  58 at 26.)

16     Defendant Loadholt responded, "Objection.  This request is not related to claims or

17  defenses of either party.  Without waiving the stated objection and to the extent the request only

18  applies to Hepatitis C, defendant responds as follows:  I ordered twinerix as a preventive

19  medication for Hepatitis A and B."  (Id.)

20     Plaintiff alleges that in his meet and confer letter addressed to defendants, he clarified

21  interrogatory no. 6 as follows:  "Plaintiff requested that you provide the name/names of

22  medication you prescribed of any and all ailments that he suffered from not only hepatitis (C)

23  virus."  (Id. at 27.)

24     In response to plaintiff's meet and confer letter, defendants responded, "In response to

25  plaintiff's request for defendant Loadholt to identify other medications provided to plaintiff than

26  those to treat Hepatitis C, defendant Loadholt reasserts her objections but responded that she

27  ordered Twinerix as a preventative measure for Hepatitis A and B.  Defendant Loadholt cannot

28  provide a further response."  (Id. at 52.)

9

Plaintiff has not shown the relevancy of information regarding every medication prescribed by defendant Loadholt for every ailment suffered by plaintiff.  Accordingly, plaintiff's motion to compel as to interrogatory no. 6 is denied on the grounds that it is overbroad.

*Interrogatory No. 7—Defendant Loadholt*

Interrogatory no. 7 asked, "Would you state if you did prescribe medication for plaintiff what the medicine/medications were for?"  (ECF No. 58 at 27.)

Defendant Loadholt responded, "Objection.  The request is not related to the claims or defenses of either party.  Without waiving objection and to the extent the request only applies to Hepatitis (C), defendant responds as follows:  preventive care for Hepatitis A and B."  (Id.)

Plaintiff alleges that in his meet and confer letter addressed to defendants, he clarified interrogatory no. 7 as follows:  "Plaintiff is requesting that you state what the medications were for."  (Id.)

In response to plaintiff's meet and confer letter, defendants responded, "In response to plaintiff's request for defendant Loadholt to identify the purpose for the medications administered, defendant Loadholt reasserts her objections but responded that Twinerix was administered as preventative care for Hepatitis A and B."  (Id. at 52.)

Interrogatory no. 7 is overbroad for the same reasons interrogatory no. 6 addressed to defendant Loadholt is overbroad.  The motion to compel as to this interrogatory is denied.

*Interrogatory No. 17—Defendant Loadholt*

Interrogatory no. 17 asked, "Would you state why plaintiff was not treated for the Hep (C) virus medication that was available in the year."  (ECF No. 58 at 27.)

Defendant Loadholt responded, "At the time that I treated plaintiff, he did not qualify for Hepatitis C treatment.  Furthermore, Hepatitis C treatments that were without major side effects were not available within the institution."  (ECF No. 64 at 7.)

Plaintiff alleges that in his meet and confer letter addressed to defendants, he clarified interrogatory no. 17 as follows:  "Plaintiff would like to know what criteria that he had to meet to qualify for the Hepatitis (C) virus medication."  (ECF No. 58 at 28.)

////

In response to plaintiff's meet and confer letter, defendants responded,

> In response to plaintiff's request, it appears that you are asking a separate question in discovery.  No additional response will be provided.  With respect to the interrogatory as propounded, defendant Loadholt identified medications including Pegasys and Ribavarin that were on the market to treat Hepatitis C.  However, at the time that defendant Loadholt treated plaintiff, he did not qualify for Hepatitis C treatment.

(Id. at 53.)

Interrogatory no. 17 asked defendant Loadholt why plaintiff did not receive Hepatitis C medication.  Defendant Loadholt's response that plaintiff did not receive treatment because he did not qualify for treatment is vague and incomplete.  See Fed. R. Civ. P. 37(a)(4) ("[A]n evasive or incomplete disclosure, answer, or response is to be treated as a failure to disclose, answer, or respond.")  Defendant Loadholt is ordered to serve plaintiff with a verified supplemental response to interrogatory no. 17 addressing more specifically why plaintiff failed to qualify for Hepatitis C treatment with the available Hepatitis C medication.

*Interrogatory No. 12—Defendant Moon*

Interrogatory no. 12 asked, "Would you name the policy, rule, regulation that prevented you from providing medication to plaintiff for his Hep (C) virus in the year 2009-10 at COR-CSP."  (ECF No. 58 at 33.)

Defendant responded, "During the time frame I treated plaintiff, Hepatitis C treatment was only for patients with an advanced stage of Hepatitis C.  I do not recall a specific policy or regulation in place at the time I treated plaintiff outside of CDCR's Hepatitis C Guidelines."  (Id.)

Plaintiff alleges that in his meet and confer letter addressed to defendants, he clarified interrogatory no. 12 as follows:  "You state that Hepatitis C treatment was only available for patients with an advanced stage of Hepatitis C.  Would you explain why plaintiff was not advanced enough in the Hepatitis C virus to be treated at the time plaintiff had a fibrosis score of Fi1?"  (Id. at 34.)

In response to plaintiff's meet and confer letter, defendants responded, "In response to plaintiff's request, it appears that plaintiff is making a separate request.  To the extent plaintiff seeks identification of a specific policy, defendant Moon stated that he could not recall a specific

11

1   policy or regulation in place, other than the CDCR Hepatitis C Guidelines.  The CDCR Hepatitis

2   C Guidelines have been provided in attachment 2 to plaintiff's request for production of

3   documents."  (Id. at 54.)

4          The undersigned agrees that plaintiff's meet and confer letter improperly seeks

5   information beyond the scope of the information requested in interrogatory no. 12.  Wheeler v.

6   Alison, 2014 WL 7157626, at *5 (E.D. Cal. Dec. 15, 2014); Tuvalu v. Woodford, 2006 WL

7   3201096, at *8 (E.C. Cal. Nov. 2, 2006) (a party cannot use a motion to compel to obtain a

8   request to a discovery request that he did not make).

9          Defendant Moon adequately responded to interrogatory no. 12.  Accordingly, the motion

10   to compel as to this interrogatory is denied.

11          *Interrogatory No. 17—Defendant Moon*

12          Interrogatory no. 17 asked, "Would you state specifically why plaintiff did not qualify for

13   Hepatitis C treatment as it relates to CDCR's Hepatitis C guidelines at the time you treated

14   plaintiff?"  (ECF No. 58 at 37.)

15          Defendant Moon responded, "At the time that defendant Moon treated plaintiff, he did not

16   qualify for Hepatitis C treatment because plaintiff did not qualify under CDCR's Hepatitis C

17   Guidelines.  Furthermore, Hepatitis C treatments that were without major side effects were not

18   available within the institution."  (ECF No. 64 at 8.)

19          In response to plaintiff's meet and confer letter, defendants responded, "In response to

20   plaintiff's request, defendant Moon stated that plaintiff did not qualify for Hepatitis C treatment

21   under the Hepatitis C Guidelines.  Furthermore, the medications available to the public at the time

22   presented major side effects.  As indicated in Interrogatory No. 9, plaintiff's fibrosis score was

23   the lowest on the scale (F1), at the time defendant Moon provided treatment."  (ECF No. 58 at

24   54.)

25          Interrogatory No. 17 asks defendant Moon why plaintiff did not qualify for Hepatitis C

26   treatment under the CDCR Hepatitis C Guidelines.  Defendant Moon's response that plaintiff

27   did not qualify for treatment under the CDCR Hepatitis C Guidelines is vague and incomplete.  See

28   Fed. R. Civ. P. 37(a)(4) ("[A]n evasive or incomplete disclosure, answer, or response is to be

1  treated as a failure to disclose, answer, or respond.").  Defendant Moon is ordered to serve

2  plaintiff with a verified supplemental response to interrogatory no. 17 addressing more

3  specifically why plaintiff did not qualify for treatment under the CDCR Hepatitis C Guidelines.

4        Accordingly, IT IS HEREBY ORDERED that plaintiff's motion to compel (ECF No. 58)

5  is granted as to interrogatory no. 19 addressed to defendant Rading, interrogatories nos. 17 and 19

6  addressed to defendant Aguilera, interrogatory no. 17 addressed to defendant Loadholt and

7  interrogatory no. 17 addressed to defendant Moon; defendants shall serve plaintiff with

8  supplemental responses to these interrogatories within thirty days of the date of this order;

9  plaintiff's motion to compel is denied in all other respects.

10  Dated:  August 27, 2020

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

14  Patt451.com

13