1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   ANTHONY L. PATTON,                      No.  2: 19-cv-0451 KJM KJN P

12                    Plaintiff,

13        v.                                 AMENDED FINDINGS AND
                                             RECOMMENDATIONS
14   F.N.P. LOADHOLT, et al.,

15                    Defendants.

16

17        Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant

18   to 42 U.S.C. § 1983.  On October 14, 2020, the undersigned recommended that defendant

19   Sanchez be dismissed.  (ECF No. 83.)  On November 5, 2020, plaintiff filed objections to these

20   findings and recommendations.  (ECF No. 90.)  The undersigned herein issues amended findings

21   and recommendations addressing plaintiff's November 5, 2020 objections.

22        On October 9, 2019, the California Department of Corrections and Rehabilitation

23   ("CDCR") filed, under seal, a notice that CDCR would not waive service of defendant Sanchez,

24   who is retired.  (ECF No. 15.)  CDCR provided defendant Sanchez's last known address in this

25   notice.  (Id.)  On February 24, 2020, the U.S. Marshal notified the court that service of defendant

26   Sanchez at his last known address was returned unexecuted.  (ECF No. 31).

27        By order filed March 5, 2020, the undersigned ordered plaintiff to complete and return to

28   the court, within sixty days, the USM-285 form necessary to effect service on defendant Sanchez.

1

1   (ECF No. 36.)  That sixty-days period passed and plaintiff did not respond to the March 5, 2020

2   order.  Accordingly, on May 21, 2020, the undersigned recommended that defendant Sanchez be

3   dismissed.  (ECF No. 47.)

4          On June 5, 2020, plaintiff filed objections to the May 21, 2020 findings and

5   recommendations.  (ECF No. 49.)  Plaintiff alleged that on June 1, 2020, he submitted a request

6   to the California Medical Board for information on defendant Sanchez's location.  Plaintiff

7   requested ninety days to receive information from the California Medical Board and/or court

8   assistance in locating defendant Sanchez.

9          On June 19, 2020, the undersigned granted plaintiff sixty days to obtain information from

10   the California Medical Board regarding defendant Sanchez's location.  (ECF No. 51.)  Sixty days

11   passed from June 19, 2020, and plaintiff failed to provide information for service of defendant

12   Sanchez.  Accordingly, on October 14, 2020, the undersigned recommended that defendant

13   Sanchez be dismissed.  (ECF No. 83.)

14          On November 5, 2020, plaintiff filed objections to the October 14, 2020 findings and

15   recommendations.  (ECF No. 90.)  In these objections, plaintiff alleges that California Medical

16   Board failed to respond to his June 1, 2020 request for information regarding the location of

17   defendant Sanchez.

18          In cases involving a plaintiff proceeding in forma pauperis, the U.S. Marshal, upon order

19   of the Court, shall serve the summons and the complaint.  28 U.S.C. § 1915(d); Fed. R. Civ. P.

20   4(c)(3).  "[A]n incarcerated pro se plaintiff proceeding in forma pauperis is entitled to rely on the

21   U.S. Marshal for service of the summons and complaint and [he] should not be penalized by

22   having his action dismissed for failure to effect service where the U.S. Marshal or the court clerk

23   has failed to perform his duties."  Walker v. Sumner, 14 F.3d 1415, 1422 (9th Cir. 1994) (internal

24   quotations and citation omitted), abrogated on other grounds by Sandin v. Connor, 515 U.S. 472

25   (1995).

26          "So long as the prisoner has furnished the information necessary to identify the defendant,

27   the marshal's failure to effect service is automatically good cause...."  Walker, 14 F.3d at 1422

28   (internal quotations and citation omitted).  However, where a pro se plaintiff fails to provide the

Marshal with accurate and sufficient information to effect service of the summons and complaint, the Court's sua sponte dismissal of the unserved defendants is appropriate.  Walker, 14 F.3d at 1421-22.

As discussed above, the U.S. Marshal attempted to serve defendant Sanchez at his last known address, provided by CDCR.  Service at this address was returned unexecuted on February 24, 2020.  Although the court granted plaintiff an opportunity to obtain further information for service of defendant Sanchez, plaintiff did not act diligently in attempting to obtain this information.  Plaintiff now claims that the California Medical Board failed to respond to his June 1, 2020 request for information regarding the location of defendant Sanchez.

The undersigned herein again recommends dismissal of defendant Sanchez based on plaintiff's failure to provide sufficient information for service of this defendant.  The undersigned also finds, based on the unsuccessful service of defendant Sanchez at the address provided by CDCR to the U.S. Marshal, it is unlikely that the California Medical Board would be able to provide plaintiff with information that would lead to the successful service of this defendant.

Accordingly, IT IS HEREBY RECOMMENDED that defendant Sanchez be dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  November 18, 2020

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Patt451.dis

3