1

2

3

4

5

6

7

8                     UNITED STATES DISTRICT COURT

9                FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   ANTHONY L. PATTON,                    No.  2: 19-cv-0451 KJM KJN P

12              Plaintiff,

13        v.                               FINDINGS AND RECOMMENDATIONS

14   F.N.P. LOADHOLT, et al.,

15              Defendants.

16

17   Introduction

18        Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant

19   to 42 U.S.C. § 1983.  Pending before the court is plaintiff's motion for leave to file a third

20   amended complaint.  (ECF No. 77.)  For the reasons stated herein, the undersigned recommends

21   that plaintiff's motion be granted in part and denied in part.

22   Legal Standard

23        Federal Rule of Civil Procedure 15 requires that a plaintiff obtain either consent of the

24   defendant or leave of court to amend its complaint once the defendant has answered, but "leave

25   shall be freely given when justice so requires."  Fed. R. Civ. P. 15(a); see, e.g., Chodos v. W.

26   Publ'g Co., 292 F.3d 992, 1003 (9th Cir. 2002) (leave to amend granted with "extreme

27   liberality").

28   ////

1

In determining whether to grant leave to amend, a court is to consider five factors: "(1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) futility of amendment; and (5) whether the plaintiff has previously amended his complaint." Nunes v. Ashcroft, 375 F.3d 805, 808 (9th Cir. 2004). The factors are not weighed equally. "Futility of amendment can, by itself, justify the denial of a motion for leave to amend." Bonin v. Calderon, 59 F.3d 815, 845 (9th Cir. 1995). Undue delay, "by itself...is insufficient to justify denying a motion to amend." Owens v. Kaiser Foundation Health Plan, Inc., 244 F.3d 708, 712-13 (9th Cir. 2001) (quotation marks omitted) (quoting Bowles v. Reade, 198 F.3d 752, 757-58 (9th Cir. 1999)). "[I]t is the consideration of prejudice to the opposing party that carries the greatest weight." Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003). "Absent prejudice, or a strong showing of any of the remaining [ ] factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend." Id.

First Amended Complaint

This action proceeds on plaintiff's first amended complaint filed June 7, 2019, as to defendants Loadholt, Moon, Rading, Dhillon Aguilera and Haile.[1] (ECF No. 9.)

Plaintiff alleges that he was diagnosed with hepatitis C in 2006. (Id. at 4.) Plaintiff alleges that he did not receive treatment for hepatitis C until 2018. (Id.) Plaintiff alleges that as a result of the delay in his receipt of treatment for hepatitis C, he suffered kidney disease, cirrhosis, fibrosis, high blood pressure, hypertension, bone deficiency and a shorter life span. (Id.)

Plaintiff alleges that defendant Loadholt was his primary care provider ("PCP") in 2006. (Id.) Plaintiff alleges that defendant Moon was his PCP in 2009. (Id. at 6.) Plaintiff alleges that defendant Rading was his PCP in 2010. (Id. at 10.) Plaintiff alleges that defendant Dhillon was his PCP from 2011-2013. (Id.) Plaintiff alleges that defendant Aguilera was his PCP from 2013-2017. (Id. at 11.) However, plaintiff also alleges that defendant Haile was his PCP in 2015. (Id.

---

[1]  Also named as defendants in first amended complaint were Clark Kelso, Dr. Brar and Dr. Sanchez. On November 2, 2020, the court dismissed defendant Kelso on the grounds that he is entitled to quasi-judicial immunity. (ECF No. 87.) On November 19, 2020, the undersigned recommended that defendant Sanchez be dismissed for failure to effect service. (ECF No. 92.) Defendant Brar has not yet been served.

1 at 12.)

2          Plaintiff alleges that defendants Loadholt, Moon, Rading, Dhillon, Aguilera and Haile told

3 plaintiff that they would not treat his hepatitis C because the medication at the prison was too

4 costly.  (Id. at 4-12.)  Plaintiff alleges that defendants Loadholt, Moon Rading, Dhillon, Aguilera

5 and Haile told plaintiff that treating his kidney disease, caused by hepatitis C, would be less

6 costly than treating his hepatitis C.  (Id.)

7          The first amended complaint named nine doe defendants.  (Id. at 7-17.)  Plaintiff alleged

8 that these doe defendants were the "overseers" of the other named defendants.  (Id. at 7-9, 13-15.)

9 Plaintiff alleged that the doe defendants were aware of the prisoners infected with hepatitis C at

10 their respective prisons.  (Id. at 7-9, 13-15.)  Plaintiff alleged that the doe defendants were aware

11 that the other named defendants, who they supervised, failed to treat plaintiff for hepatitis C and

12 kidney disease.  (Id. at 7-9, 13-15.)  Plaintiff alleged that the doe defendants failed to treat

13 plaintiff for his hepatitis C and failed to refer plaintiff to an expert.  (Id. at 7-9, 13-15.)  Plaintiff

14 alleged that the doe defendants had the power to order the defendants they supervised to treat

15 plaintiff yet failed to do so.  (Id. at 7-9, 13-15.)

16 Second Amended Complaint

17          On August 19, 2020, the undersigned denied plaintiff's motion to file a second amended

18 complaint with leave to file a third amended complaint.  (ECF No. 68.)  The undersigned herein

19 discusses the findings made in the August 19, 2020 order, as they are relevant to plaintiff's

20 proposed third amended complaint.

21          The second amended complaint named the same defendants as named in the first amended

22 complaint.  (ECF No. 53 at 2.)  The allegations against these defendants in the second amended

23 complaint were the same as the allegations against these defendants in the first amended

24 complaint.  (Id. at 5-6, 8-12.)

25          The second amended complaint named the following new defendants:  Dr. McGuiness,

26 Dr. McCabe, Dr. Bick, Dr. Ditomas, Chief Medical Officer Elam, J. Clark and Nurse Plasencia.

27 (Id. at 2.)  Plaintiff alleged that newly named defendants McCabe, McGuinness, Elam, Clark,

28 Ditomas and Bick were the "overseers" of all the physicians where they were employed,

3

1    including the other named defendants.  (Id. at 7-12.)  Plaintiff alleged that these newly named

2    defendants were aware that the other named defendants failed to treat plaintiff for hepatitis C.

3    (Id.)  Plaintiff alleged that these newly named defendants implemented, enforced and participated

4    in a policy that caused harm to plaintiff.  (Id.)  Plaintiff alleged that these newly named

5    defendants failed to treat or refer plaintiff to an expert.  (Id.)  Plaintiff alleged that these newly

6    named defendants were members of the Utilization Management Committee ("UMC"), formerly

7    the Medical Authorization Review Committee.  (Id.)

8           Plaintiff alleged that defendant Plasencia implemented, enforced and participated in a

9    policy which violated plaintiff's constitutional rights.  (Id. at 14.)  Plaintiff alleged that defendant

10   Plasencia failed to treat or refer plaintiff to an expert who could have informed defendant

11   Plasencia of an alternative treatment for plaintiff's hepatitis C.  (Id.)

12          In the August 19, 2020 order addressing plaintiff's second amended complaint, the

13   undersigned found that defendants McCabe, McGuinness, Bick Ditomas, Elam and Clark

14   appeared to be the doe defendants named in the first amended complaint.  (ECF No. 68 at 5-6, 7

15   (citing Crowley v. Bannister, 734 F.3d 967, 978 (9th Cir. 2013) (a district court abuses its

16   discretion by denying leave to amend where the deficiencies could be cured by naming the correct

17   defendant.).)  The undersigned found that the gravamen of plaintiff's claims against these newly

18   named defendants appeared to be that they implemented, enforced and participated in a policy

19   that caused plaintiff harm.  (Id. at 6.)  The second amended complaint did not identify this policy.

20   (Id.)  However, liberally construing the second amended complaint, plaintiff appeared to allege

21   that these supervisory defendants implemented, enforced and participated in a policy to deny

22   treatment to inmates with hepatitis C based on the cost of the treatment.  (Id.)

23          In granting plaintiff leave to file a third amended complaint, the undersigned stated that

24   the third amended complaint must specifically identify the policy which the newly named

25   supervisory defendants allegedly implemented, enforced and participated in which caused him

26   harm.  (Id. at 8.)  The undersigned stated, "[w]hile it appears that plaintiff is alleging that the

27   supervisory defendants implemented a policy of denying treatment to inmates with Hepatitis C

28   due to the cost of the treatment, plaintiff is required to clarify this claim in a third amended

1    complaint." (Id.)

2    Proposed Third Amended Complaint

3      Plaintiff names defendants Loadholt, Moon, Rading, Dhillon, Aguilera and Haile as

4    defendants in the proposed third amended complaint.[2] (ECF No. 78 at 2.) Also named as

5    defendants in the proposed amended complaint are Dr. Bick, Dr. McCabe, Dr. McGuiness, Dr.

6    Ditomas and Nurse Plasencia. (Id.)

7      In the third amended complaint, plaintiff alleges that in 2006, he was diagnosed with

8    hepatitis C with a fibrosis score of F:1. (Id. at 4.) Plaintiff alleges that he did not receive

9    treatment for hepatitis C until he reached a fibrosis score of F:4, which is near death. (Id.)

10   Plaintiff alleges that all defendants knew that the failure to treat plaintiff's hepatitis C at stage F:1

11   would cause plaintiff to contract kidney disease and high blood pressure. (Id.)

12     Plaintiff alleges that "[e]ach defendant either implemented, enforced and/or participated in

13   a policy that was outlined by the California Correctional Health Care Services ("CCHCS"), which

14   related to the treatment of hepC infected prisoners throughout the state of California penal

15   system." (Id.) Plaintiff alleges that the challenged policy violated the Eighth Amendment

16   because it withheld treatment for all prisoners with hepatitis C who had not reached a fibrosis

17   score of F:2, as well as inmates who would be released within a certain period of time after their

18   treatment expiration date, based on the cost of treatment rather than medical need. (Id. at 4, 20.)

19     Plaintiff also alleges that the CCHCS policy determined eligibility for treatment on

20   fibrosis testing, which was an unreliable determinant for hepatitis C treatment. (Id. at 5.)

21   Plaintiff alleges that all defendants failed to recommend him to an expert who would have

22   informed defendants of the unreliability of fibrosis testing and that treatment determinations

23   should be based on viral loads, AST-ALT, creatnine levels and other liver enzyme test results.

24   (Id. at 21.)

25     Plaintiff alleges that defendants Loadholt, Moon, Rading, Dhillon, Aguilera and Haile

26

27   [2] Plaintiff also names Dr. Brar and Dr. Sanchez as defendants in the proposed third amended
     complaint. As discussed above, the undersigned recommended dismissal of defendant Sanchez.
28   (ECF No. 92.) Defendant Brar has not yet been served.

1  participated in the unconstitutional CCHCS policy.  (Id. at 5-7, 12-15.)  Plaintiff alleges that

2  defendants Loadholt, Moon, Rading, Dhillon, Aguilera and Haile denied plaintiff's request for

3  treatment and told him that because of the great numbers of prisoners with hepatitis C, it would

4  be too costly to treat them all.  (Id. at 5-7, 12-15.)  For that reason, treatment was being withheld

5  from prisoners who were going home within a certain time frame and who had not reached a

6  fibrosis score of F:2.  (Id. at 5-7, 12-15.)  Plaintiff alleges that defendants Loadholt, Moon,

7  Rading, Dhillon, Aguilera and Haile told plaintiff that he would contract kidney disease as a

8  result of not being treated for hepatitis C, but it would be less costly to treat plaintiff for kidney

9  disease than hepatitis C.  (Id. at 5-8, 12-15.)

10       Plaintiff alleges that defendants McCabe and McGuinness were members of the Medical

11  Authorization Review Committee ("MARC") at California State Prison-Corcoran ("Corcoran")

12  from 2006-2010.  (Id. at 9, 11.)  Plaintiff alleges that defendant Bick was the Chief Medical

13  Executive at the California Medical Facility ("CMF") from 2010-2017.  (Id. at 16.)  Plaintiff

14  alleges that defendant Ditomas was the Chief Physician and Surgeon at CMF from 2010-2017.

15  (Id. at 18.)

16       Plaintiff alleges that defendants McCabe, McGuiness, Bick and Ditomas enforced the

17  CCHCS policy regarding treatment of inmates with hepatitis C based on cost rather than medical

18  need, which resulted in harm to plaintiff.  (Id. at 9, 11, 16, 18.)  Plaintiff alleges that defendants

19  McCabe, McGuiness, Bick and Ditomas were aware of plaintiff's hepatitis C diagnosis and the

20  CCHCS policy to deny treatment to inmates who were not F:2 because of the cost.  (Id. at 9-10,

21  11, 16, 18.)  Plaintiff alleges that defendants McCabe, McGuiness, Bick and Ditomas knew that at

22  level F:1, plaintiff would contract high blood pressure and kidney disease if his hepatitis C went

23  untreated.  (Id. at 9-10, 11, 16, 18.)  Plaintiff alleges that defendants McCabe, McGuiness, Bick

24  and Ditomas received all referrals from each of plaintiff's primary care providers and from the

25  institutional hepatitis C clinic employees.  (Id. at 10, 11, 16, 18-19.)

26       Plaintiff alleges that defendant Nurse Plasencia was a member of the "UMC" at CMF

27  from 2010-2017.  (Id. at 17.)  As a member of the UMC, defendant Plasencia made decisions

28  regarding which prisoners would receive treatment for hepatitis C.  (Id.)  Plaintiff alleges that

defendant Plasencia was aware of the CCHCS policy regarding treatment of prisoners with hepatitis C violated plaintiff's constitutional rights . (Id.) Plaintiff alleges that defendant Plasencia knew that plaintiff would contract kidney disease as a result of not receiving treatment for hepatitis C, even at level F:1. (Id.) Plaintiff alleges that defendant Plasencia failed to treat plaintiff's hepatitis C or refer plaintiff to an expert for treatment. (Id.)

Discussion

*Prejudice to Defendants*

In the opposition, defendants argue that they will be prejudiced if plaintiff is allowed to proceed with his third amended complaint. (ECF No. 80 at 3.) Defendants argue that they have investigated and produced discovery responsive to plaintiff's current claims against them. (Id.) Defendants argue that they have conducted written discovery for the currently-named defendants, but the discovery deadline has now passed. (Id.) Defendants argue that they will be prejudiced by the delay if plaintiff is permitted to amend his complaint for a third time. (Id.) Defendants argue that if plaintiff is allowed to amend his complaint, witnesses will struggle to recall the specifics of plaintiff's claims, resulting in prejudice. (Id., citing Bull v. Scribner, 2011 WL 4440173, at *1 (E.D. Cal. Sept. 22, 2011) (citing Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002)).

Defendants also argue that because plaintiff's motion to amend is unlikely to be resolved in advance of the October 2, 2020 dispositive motion deadline, defendants will be required to move to modify the discovery and scheduling order, to take additional discovery and reset the dispositive motion deadline to a date that allows for all defendants to file a joint motion. (Id. at 4.)

In the motion to amend, plaintiff alleges that he discovered the identity of the doe defendants through discovery. (ECF No. 77.)

For the following reasons, the undersigned finds that plaintiff acted diligently in identifying the doe defendants.

As discussed in the August 19, 2020 order, plaintiff seeks to amend his complaint to identify doe defendants named in the first amended complaint filed June 9, 2019. (ECF No. 68 at

7

1    5, 6.)  On November 13, 2019, this action was referred to the Post-Screening ADR Project.  (ECF

2    No. 18.)  This action did not settle following the February 11, 2020 settlement conference.  On

3    March 12, 2020, defendants filed an answer to the first amended complaint.  (ECF No. 39.)

4          On March 17, 2020, the undersigned issued the discovery and scheduling order.  (ECF

5    No. 40.)  The discovery deadline was July 10, 2020, and the dispositive motion deadline was

6    October 2, 2020.  (Id.)

7          On June 22, 2020, plaintiff filed his proposed second amended complaint.  (ECF No. 53.)

8    On August 19, 2020, the undersigned denied plaintiff's motion to file the second amended

9    complaint, with leave to amend.  (ECF No. 68.)  On September 21, 2020, plaintiff filed a motion

10   to file a third amended complaint and a proposed third amended complaint.  (ECF Nos. 77, 78.)

11         On October 1, 2020, defendants filed a motion to modify the scheduling order.  (ECF No.

12   79.)  Defendants requested that the October 2, 2020 dispositive deadline be vacated and reset for

13   60 days after resolution of plaintiff's motion to amend or 60 days after the close of discovery, if

14   plaintiff is allowed to proceed on claims against the newly identified defendants.  (Id.)  On

15   October 7, 2020, the undersigned granted defendants' motion to modify the scheduling order.

16   (ECF No. 82.)

17         The circumstances described above support plaintiff's claim that he discovered the

18   identities of the doe defendants through discovery and that he acted diligently in identifying the

19   doe defendants.  Plaintiff's theory of liability against the doe defendants is consistent with the

20   theory of liability against the defendants named in the first amended complaint.

21         The undersigned acknowledges that defendants may suffer some prejudice by the delay in

22   the resolution of this action if plaintiff is allowed to proceed with the newly named defendants in

23   the third amended complaint.  However, as discussed above, plaintiff acted diligently in

24   identifying the doe defendants.  The undersigned has also attempted to address plaintiff's motions

25   to amend in a timely manner to reduce the prejudice to defendants.

26         As stated in the August 19, 2020 order, the Ninth Circuit has held that a district court

27   abused its discretion by denying leave to amend where the deficiencies could be cured by naming

28   the correct defendant.  See Crowley v. Bannister, 734 F.3d 967, 978 (9th Cir. 2013) (citing

1    Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980)).  For these reasons, the undersigned

2    finds that the prejudice suffered by defendants if plaintiff is permitted to amend his complaint

3    does not outweigh the prejudice suffered by plaintiff if he is not permitted leave to identify the

4    doe defendants in the proposed third amended complaint.

5         *Futility*

6         In the opposition, defendants argue that plaintiff summarily argues that defendants should

7    have tested him more frequently for hepatitis C.  (ECF No. 80 at 4, citing ECF No. 78 at 16-17.)

8    Defendants argue that the attachments to plaintiff's complaint stated that as of October 2012,

9    "there is no vaccine or preventative therapy for HCV at this time."  (Id.)

10    The undersigned does not find that the third amended complaint alleges that defendants

11   failed to test plaintiff to see if he had hepatitis C before his diagnosis.  Instead, plaintiff alleges

12   that defendants failed to treat his hepatitis C after he tested positive for this disease.  Plaintiff also

13   alleges that after he developed hepatitis C, defendants failed to properly test plaintiff to determine

14   his stage of the disease.

15    In the opposition, defendants argue that in the third amended complaint, plaintiff alleges

16   that he received a recommendation that he was ineligible for treatment for hepatitis C based on

17   his test results showing that he was level F:1.  (Id. at 4-5.)  Defendants argue that based on the

18   treatment records attached to the third amended complaint, plaintiff's allegations amount to a

19   disagreement with the course of treatment, which is not actionable.  (Id. at 5.)

20    Plaintiff alleges that defendants denied him treatment for his hepatitis C based on the cost,

21   rather than on his medical need.  Plaintiff also alleges that defendants should not have determined

22   his need for treatment based on his fibrosis score, but on other factors such as on viral loads,

23   AST-ALT, creatnine levels and other liver enzyme test results.  These allegations state a

24   potentially colorable claim for relief.  See Henderson v. Tanner, 2017 WL 1017927, at *3-4

25   (M.D. La. Feb. 26, 2017) (denying qualified immunity on motion to dismiss a complaint which

26   alleged cost-based denial of Harvoni treatment for a prisoner's hepatitis C.)

27    Defendants argue that plaintiff's motion to file the third amended complaint should be

28   denied because plaintiff again failed to identify personal participation by any of the newly named

9

1  supervisory defendants.  (ECF No. 80 at 4.)

2       To state a "policy claim" against a supervisory defendant, a plaintiff must allege facts

3  showing that the supervisory defendants either: personally participated in the alleged deprivation

4  of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated

5  or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional

6  rights' and is 'the moving force of the constitutional violation.'"  Hansen v. Black, 885 F.2d 642,

7  646 (9th Cir. 1989) (citations omitted); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

8       Plaintiff alleges that defendants McCabe, McGuiness, Bick and Ditomas enforced the

9  CCHCS policy of denying treatment to inmates with hepatitis C at F:1 based on the cost of

10  treatment, rather than medical need.  Plaintiff alleges that these defendants were aware of

11  plaintiff's diagnosis and that plaintiff would contract high blood pressure and kidney disease if

12  his hepatitis C at F:1 went untreated.  Plaintiff also alleges that these defendants enforced the

13  CCHCS policy of determining which inmates qualified for hepatitis C treatment based on

14  unreliable fibrosis testing, rather than based on viral loads, AST-ALT creatnine level and other

15  testing results.  The undersigned finds that plaintiff has stated sufficient facts to state a potentially

16  colorable policy claim against defendants McCabe, McGuinness, Bick and Ditomas.  Therefore,

17  plaintiff's claims against these defendants are not futile.

18       Plaintiff alleges that defendant Registered Nurse Plasencia was a member of the UMC

19  from 2010-2017.  Plaintiff alleges that defendant Plasencia made decisions regarding which

20  inmates received treatment for hepatitis C as a member of the UMC.  Plaintiff alleges that

21  defendant Plasencia denied him treatment for hepatitis C.

22       The undersigned finds that plaintiff has not pled sufficient facts to state a potentially

23  colorable Eighth Amendment claim against defendant Plasencia, who does not appear to be a

24  supervisory defendant.  Plaintiff does not specifically allege when over the 7-year period that

25  defendant Plasencia was allegedly a member of the UMC that defendant Plasencia denied

26  plaintiff treatment.  These allegations are too vague and conclusory to state a potentially colorable

27  claim.  Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).  Accordingly, plaintiff's

28  motion to amend his complaint to name defendant Plasencia as a defendant should be denied on

10

1    these grounds.

2           Finally, defendants argue that there is no indication that plaintiff exhausted administrative

3    remedies as to his claims against the newly named defendants.  (ECF No. 80 at 5.)  The court may

4    dismiss an action if it is clear from the face of the complaint that the plaintiff failed to exhaust

5    administrative remedies.  See Albino v. Baca, 747 F.3d 1162, 1169 (9th Cir. 2014).  In the

6    proposed third amended complaint, plaintiff alleges that he exhausted administrative remedies.

7    (ECF No. 78 at 2.)  Because it is not clear from the face of plaintiff's third amended complaint

8    that he failed to exhaust administrative remedies, the undersigned cannot dismiss this action at

9    this stage for plaintiff's failure to exhaust administrative remedies.

10          *Bad Faith*

11          The undersigned finds that plaintiff's proposed amendments are not made in bad faith.

12          *Previous Amendments*

13          Defendants argue that plaintiff should not be allowed to file a third amended complaint

14   because he has already amended his complaint twice before.  As discussed above, the

15   undersigned denied plaintiff's motion to file the second amended complaint, with leave to amend,

16   because plaintiff was attempting to name doe defendants.  For these reasons, the undersigned

17   finds that plaintiff's previous amendments do not weigh in favor of denying plaintiff's motion to

18   amend.

19   Conclusion

20          For the reasons discussed above, the undersigned recommends that plaintiff's motion to

21   file a third amended complaint be granted as to the claims against defendants McCabe,

22   McGuinness, Bick and Ditomas, and be denied as to the claims against defendant Plasencia.[3]

23          Accordingly, IT IS HEREBY RECOMMENDED that plaintiff's motion to file a third

24   amended complaint (ECF No. 77) be granted as to plaintiff's claims against defendants McCabe,

25   McGuiness, Bick and Ditomas, and be denied as to the claims against defendant Plasencia.

26

27   [3]  The undersigned observes that plaintiff's third amended complaint names doe defendants.
     Plaintiff is informed that if he attempts to amend his complaint to identify these doe defendants in
28   the future, the undersigned will likely recommend denial of that request.

1        These findings and recommendations are submitted to the United States District Judge

2    assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

3    after being served with these findings and recommendations, any party may file written

4    objections with the court and serve a copy on all parties.  Such a document should be captioned

5    "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the

6    objections shall be filed and served within fourteen days after service of the objections.  The

7    parties are advised that failure to file objections within the specified time may waive the right to

8    appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

9    Dated:  November 25, 2020

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Pat451.ame(3)

12