UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY L. PATTON,<br><br>    Plaintiff,<br><br>    v.<br><br>F.N.P. LOADHOLT, et al.,<br><br>    Defendants. | No. 2: 19-cv-0451 KJM KJN P<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983.  In the amended complaint, plaintiff alleges that defendant Brar was his primary care provider in 2008.  (ECF No. 9 at 5.)  For the reasons stated herein, the undersigned recommends that defendant Brar be dismissed.

On September 12, 2019, the undersigned ordered e-service of defendant Brar.  (ECF No. 11.)  On October 9, 2019, the California Department of Corrections and Rehabilitation ("CDCR") notified the court that it would not waive service for defendant Brar.  (ECF No. 15.)  Defendant Brar had separated from CDCR with no contact information.  (Id.)  The United States Marshal was unable to serve defendant Brar due to the lack of contact information.  (ECF No. 19.)

On February 12, 2020, the undersigned granted plaintiff sixty days to provide information for service of defendant Brar.  (ECF No. 27.)

////

1

On July 7, 2020, plaintiff filed an untimely response to the February 12, 2020 order. (ECF No. 56.)  In this response, plaintiff alleged that he asked the California Medical Board for information regarding the location of defendant Brar.  Plaintiff attached to his July 7, 2020 pleading a copy of a medical release form, apparently prepared by the California Medical Board, which appeared to include an address for defendant Brar in Kingsburg, California.  (Id. at 7.)

On August 14, 2020, the undersigned ordered plaintiff to return the forms necessary for service of defendant Brar at the address in Kingsburg, California.  (ECF No. 67.)

On September 15, 2020, plaintiff returned the forms necessary for service of defendant Brar.  (ECF No. 72.)  On September 18, 2020, the undersigned ordered the U.S. Marshal to serve defendant Brar with plaintiff's amended complaint.  (ECF No. 74.)

On October 2, 2020, service on defendant Brar was returned unexecuted.  (ECF No. 81.) It appears that the address plaintiff provided the U.S. Marshal for defendant Brar was not the Kingsburg, California address contained in the information he received from the California Medical Board.  Instead, plaintiff asked the U.S. Marshal to serve defendant Brar at California State Prison-Corcoran.  (Id.)  In the returned USM-285 form, the U.S. Marshal wrote, "Per CDCR, on 9/28/2020 'Arvindra S. Brar has not worked at CSP-Cor since 2012.'  CDCR does not have a forwarding address."  (Id.)

In cases involving a plaintiff proceeding in forma pauperis, the U.S. Marshal, upon order of the Court, shall serve the summons and the complaint. 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3). "[A]n incarcerated pro se plaintiff proceeding in forma pauperis is entitled to rely on the U.S. Marshal for service of the summons and complaint and [he] should not be penalized by having his action dismissed for failure to effect service where the U.S. Marshal or the court clerk has failed to perform his duties." Walker v. Sumner, 14 F.3d 1415, 1422 (9th Cir. 1994) (internal quotations and citation omitted), abrogated on other grounds by Sandin v. Connor, 515 U.S. 472 (1995).

"So long as the prisoner has furnished the information necessary to identify the defendant, the marshal's failure to effect service is automatically good cause...." Walker, 14 F.3d at 1422 (internal quotations and citation omitted).  However, where a pro se plaintiff fails to provide the

2

Marshal with accurate and sufficient information to effect service of the summons and complaint, the Court's sua sponte dismissal of the unserved defendants is appropriate.  Walker, 14 F.3d at 1421-22.

Plaintiff has failed to provide the U.S. Marshal with accurate and sufficient information to effect service of the summons and complaint on defendant Brar.  The undersigned has granted plaintiff an adequate opportunity to obtain and provide this information.  Because plaintiff is unable to provide information for service of defendant Brar, the undersigned recommends dismissal of defendant Brar.

Accordingly, IT IS HEREBY RECOMMENDED that defendant Brar be dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  December 3, 2020

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Patt451.57