UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY L. PATTON,<br><br>            Plaintiff,<br><br>     v.<br><br>F.N.P. LOADHOLT, et al.,<br><br>            Defendants. | No.  2: 19-cv-0451 KJM KJN P<br><br><br>ORDER |

Introduction

     Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983.  Pending before the court is plaintiff's motion for additional discovery filed October 13, 2020, pursuant to the mailbox rule.  (ECF No. 84.)  Discovery closed on October 2, 2020.  (See ECF No. 40.)

     The undersigned construes plaintiff's motion for additional discovery as a motion to reopen discovery.  For the reasons stated herein, plaintiff's motion is denied.

Legal Standard

     To reopen discovery, the moving party must show good cause, which in turn requires a showing of diligence.  Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 608-09 (9th Cir. 1992).  If the moving party has not acted with diligence in pursuing discovery, he has failed to show good cause to reopen discovery and therefore "the inquiry should end."  Id. at 609.

1

Discussion

In the pending motion, plaintiff requests that discovery be reopened so that he can serve defendant Haile with additional interrogatories.  (ECF No. 84.)  The grounds of this request are that on August 28, 2020, the undersigned ordered defendant Aguilera to serve plaintiff with supplemental responses to interrogatories.  (ECF Nos. 69, 84.)  Plaintiff alleges that he first learned that defendant Haile was a member of the Hepatitis C Clinic in defendant Aguilera's supplemental responses to interrogatories.  (Id.)  Plaintiff requests that he be allowed to serve defendant Haile with additional interrogatories based on the "revelation" that defendant Haile was a Hepatitis C Clinic employee.  (Id.)

On October 26, 2020, defendants filed an opposition to the pending motion.  (ECF No. 86.)  Defendants argue that plaintiff's motion should be denied because he never asked for defendant Haile's employment within the California Department of Corrections and Rehabilitation ("CDCR") during the relevant time frame.  Defendants argue that plaintiff's failure to seek relevant employment information from defendant Haile should not be remedied with subjecting defendants to additional discovery after the close of discovery.

In his reply to defendants' opposition, plaintiff alleges that that he did not ask defendant Haile if she was a member of the Hepatitis C clinic in his first set of interrogatories because he was first informed of the existence of the Hepatitis C clinic through defendants' Dhillon, Rading and Aguilera's responses to interrogatories.  (ECF No. 91.)

The undersigned makes the following observations.  On March 17, 2020, the undersigned issued the discovery and scheduling order setting the discovery deadline as October 2, 2020.  (ECF No. 40.)  This order provided that all requests for discovery pursuant to Federal Rules of Civil Procedure 31, 33, 34 or 36 were to be serve not later than sixty days prior to October 2, 2020, i.e. August 3, 2020.  (Id.)

On June 22, 2020, plaintiff filed a proposed second amended complaint alleging, in part, that defendants were "primary care providers (PCP) and medical personnel at Corcoran State Prison and California Medical Facility (CMF), *Hepatitis (C) Clinic Employees* and Utilization Committee Members at (CSP) (CMF), and Headquarters."  (ECF No. 53 at 4.) (Emphasis added.)

2

In the proposed second amended complaint, plaintiff also alleged that,

> Sacramento Headquarters also has a utilization management committee that was also formerly named Medical Authorization Review Committee, which are along with each institutions (CSP) and (CMF) has a *Hepatitis C Clinic* which was aware of referral of all Hep(C) inmates at CSP and CMF including plaintiff.
>
> Sacramento Headquarters also had a Hepatitis (C) clinic…

(Id. at 18.)  (Emphasis added.)

Based on the allegations in the second amended complaint, it appears that plaintiff was aware of the existence of the Hepatitis C Clinic at CMF at the time he filed the second amended complaint on June 22, 2020.  Therefore, plaintiff knew of the existence of the Hepatitis C Clinic well before the August 3, 2020 deadline for serving interrogatories.  For these reasons, the undersigned is not persuaded by plaintiff's argument that he could not have served defendant Haile with timely interrogatories regarding whether she worked at the Hepatitis C Clinic because he only recently learned of its existence.

Moreover, even if plaintiff learned of the existence of the Hepatitis C Clinic only recently, he could have served defendant Haile with timely interrogatories seeking information regarding her employment, as observed by defendants in the opposition.

For the reasons discussed above, the undersigned finds that plaintiff has not shown good cause to reopen discovery in order to serve defendant Haile with additional interrogatories.

Accordingly, IT IS HEREB ORDERED that plaintiff's motion for additional discovery (ECF No. 84) is denied.

Dated:  December 15, 2020

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Patt451.add