UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY L. PATTON,<br><br>    Plaintiff,<br><br>  v.<br><br>F.N.P. LOADHOLT, et al.,<br><br>    Defendants. | No. 2: 19-cv-0451 KJM KJN P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state prisoner proceeding with a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff alleges that he was denied adequate medical treatment for hepatitis C in violation of the Eighth Amendment. The undersigned herein addresses plaintiff's fifth amended complaint (ECF No. 106), plaintiff's motion for appointment of counsel (ECF No. 107), and the issue of further discovery.

<u>Fifth Amended Complaint</u>

On October 1, 2021, the Honorable Kimberly J. Mueller appointed counsel for the limited purpose of drafting an amended complaint. (ECF No. 102.) The court ordered the amended complaint due within 120 days from the date of the order. (<u>Id.</u>) One hundred twenty days passed and plaintiff's counsel did not file an amended complaint. Accordingly, on February 7, 2022, the

court ordered plaintiff's counsel to show cause within fourteen days for their failure to file an amended complaint. (ECF No. 104.)

In response to the show cause order, plaintiff's counsel filed a fourth amended complaint and a fifth amended complaint. (ECF Nos. 105, 106.) Good cause appearing, the show cause order is discharged.

Named as defendants in the fifth amended complaint are Dr. Rading, Dr. Haile, Dr. Aguilera, Dr. Dhillon and Dr. Ditomas.[1] On February 24, 2022, defendants Rading, Haile, Aguilera and Dhillon filed an answer to the fifth amended complaint. (ECF No. 108.)

The fifth amended complaint states potentially colorable claims for relief against defendant Ditomas. Accordingly, the undersigned separately orders service of defendant Ditomas.

The fifth amended complaint names six Doe Defendants. (ECF No. 106 at 4.) For the reasons stated herein, the undersigned recommends that the Doe Defendants be dismissed.

The fifth amended complaint alleges that these Doe Defendants "were at relevant times, medical professionals and employees of the state of California." (Id.) The fifth amended complaint states that the complaint will be amended when the Doe Defendants are identified by name or when their identities are discovered. (Id.)

The fifth amended complaint contains no specific allegations against Doe Defendants. However, the fifth amended complaint alleges, "…from the date that he was informed of this infection in 2006 Plaintiff was requesting treatment from all of his PCPs, he was denied referral for treatment and was advised that treatment was too expensive to [be] offered to Plaintiff. PCPs also told plaintiff, that if untreated, HCV will cause liver damage and lead to cirrhosis." (ECF No. 106 at 16.) It appears that the Doe Defendants may include primary care providers, i.e., PCPs, who allegedly denied plaintiff treatment.

---

[1] Defendants Rading, Haile, Aguilera and Dhillon are identified in the section of the fifth amended complaint titled "Parties." (ECF No. 106 at 3-4.) The section of the fifth amended complaint describing the statement of facts refers to "Loadholt" and "defendant Loadholt." (Id. at 8-9.) Because Loadholt is not clearly identified as a defendant, the undersigned does not construe the fifth amended complaint to name Loadholt as a defendant.

1    Federal Rule of Civil Procedure 10 requires a plaintiff to include the names of the parties
2    in the action. Fed. R. Civ. P. 10(a). In a civil rights action brought by a prisoner without the
3    assistance of counsel, early discovery is available in certain circumstances. For example, the
4    Ninth Circuit has held:

> [W]here the identity of the alleged defendant is not known prior to the filing of a complaint, the plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds.

8    Wakefield v. Thompson, 177 F.3d 1160, 1163 (9th Cir.1999) (quoting Gillespie v. Civiletti, 629
9    F.2d 637, 642 (9th Cir.1980)). In Gillespie, the plaintiff, a prisoner proceeding pro se, filed a
10   civil rights action against several U.S. Marshals, prison officials, and prison guards. However,
11   the complaint did not name all the defendants. Instead, plaintiff identified the unknown
12   defendants as "John Doe" and "filed interrogatories requesting from the named defendants the
13   names and addresses of the [unnamed defendants]." Gillespie, 629 F.2d at 642–43. The district
14   court denied the request for discovery and dismissed the complaint, but the Ninth Circuit reversed
15   and held that the "district court abused its discretion in not permitting the discovery sought by the
16   [prisoner] ... [as][i]t was very likely that the answers to the interrogatories would have disclosed
17   the identities of the 'John Doe' defendants." Id. at 643.

18   For the following reasons, the undersigned finds that plaintiff has had ample opportunity
19   to discover the identify of Doe Defendants.

20   On November 25, 2020, the undersigned recommended that plaintiff's motion to file a
21   third amended complaint be granted in part. (ECF No. 93.) In relevant part, the undersigned
22   recommended that plaintiff's motion to amend to identify four previously named Doe Defendants
23   be granted. (Id. at 4-10.) Plaintiff claimed that he discovered the identity of the Doe Defendants
24   through discovery. (Id. at 7.) On September 30, 2021, Judge Mueller adopted the November 25,
25   2020 findings and recommendations. (ECF No. 101.)

26   As discussed above, on October 1, 2021, Judge Mueller appointed counsel to prepare an
27   amended complaint for plaintiff. The court granted counsel 120 days to prepare the amended
28   complaint, during which time counsel presumably reviewed plaintiff's relevant medical records.

After reviewing plaintiff's relevant medical records, counsel was apparently unable to identify the Doe Defendants named in the fifth amended complaint.

The record reflects that plaintiff, through counsel, had adequate opportunity to discover the identity of Doe Defendants named in the fifth amended complaint. Accordingly, the undersigned recommends that the Doe Defendants named in the fifth amended complaint be dismissed.

Plaintiff's Motion for Appointment of Counsel

Plaintiff requests that counsel be appointed to investigate the identities of the Doe Defendants named in the fifth amended complaint. (ECF No. 107.) Plaintiff suggests that counsel who prepared the fifth amended complaint failed to conduct an adequate investigation to determine the identities of the Doe Defendants. (Id.)

As discussed above, the court presumes that appointed counsel reviewed plaintiff's medical records in preparing the fifth amended complaint. The court presumes that counsel named all appropriate defendants. Appointment of different counsel to review plaintiff's medical records in order to determine the identities of the Doe Defendants is not warranted. Accordingly, plaintiff's motion for appointment of counsel is denied. Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991) (in exceptional circumstances, the court may request an attorney to voluntarily represent the plaintiff); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

Discovery Matters

Defendants Rading, Haile, Aguilera and Dhillon were named in the first amended complaint. (ECF No. 9.) In the first amended complaint, plaintiff alleged that defendants failed to treat his hepatitis C with the available medication on the grounds that the medication was too costly. (Id.) The fifth amended complaint also alleges that defendants Rading, Haile, Aguilera and Dhillon failed to treat plaintiff's hepatitis C with the available medication due to cost. (ECF No. 106.)

On March 17, 2020, the court issued a discovery and scheduling order setting the discovery deadline as July 10, 2020. (ECF No. 40.) Therefore, plaintiff and defendants had an adequate opportunity to conduct discovery as to the claims raised against defendants Rading,

Haile, Aguilera and Dhillon in the first and fifth amended complaints. Accordingly, discovery is closed as to the claims against these defendants. After Ditomas appears in this action, the undersigned will issue an amended scheduling order permitting discovery only as to the claims against defendant Ditomas.

On October 7, 2020, the undersigned vacated the dispositive motion deadline. (ECF No. 82.) The undesigned will reset the dispositive motion deadline in the amended scheduling order.

Accordingly, IT IS HEREBY ORDERED that:

1. The February 7, 2022 order to show cause (ECF No. 104) is discharged;

2. The Clerk of the Court shall amend court records to reflect that plaintiff is no longer represented by counsel and is proceeding pro se;

3. Plaintiff's motions for appointment of counsel (ECF No. 107, 111) are denied; and

IT IS HEREBY RECOMMENDED that the Doe Defendants named in the fifth amended complaint be dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: March 1, 2022

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Pat451.ame(5)