UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY L. PATTON, | No. 2: 19-cv-0451 KJM KJN P |
| Plaintiff, | |
| v. | ORDER AND FINDINGS AND RECOMMENDATIONS |
| F.N.P. LOADHOLT, et al., | |
| Defendants. | |

I.  Introduction

Plaintiff is a former state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's motion for leave to file a sixth amended complaint. (ECF No. 136.) Defendants oppose plaintiff's motion to amend. (ECF No. 139.) For the reasons stated herein, the undersigned recommends that plaintiff's motion to amend be denied.

Also pending is plaintiff's motion to amend the dispositive motion deadline. (ECF 138.) For the reasons stated herein, plaintiff's motion to amend the dispositive deadline is granted.

II.  Plaintiff's Motion to Amend

A.  Legal Standard for Motion to Amend

Federal Rule of Civil Procedure 15 requires that a plaintiff obtain either consent of the defendant or leave of court to amend its complaint once the defendant has answered, but "leave

1

shall be freely given when justice so requires." Fed. R. Civ. P. 15(a); see, e.g., Chodos v. West Publ'g Co., 292 F.3d 992, 1003 (9th Cir. 2002) (leave to amend granted with "extreme liberality").

In determining whether to grant leave to amend, a court is to consider five factors: "(1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) futility of amendment; and (5) whether the plaintiff has previously amended his complaint." Nunes v. Ashcroft, 375 F.3d 805, 808 (9th Cir. 2004). The factors are not weighed equally. "Futility of amendment can, by itself, justify the denial of a motion for leave to amend." Bonin v. Calderon, 59 F.3d 815, 845 (9th Cir. 1995). Undue delay, "by itself...is insufficient to justify denying a motion to amend." Owens v. Kaiser Foundation Health Plan, Inc., 244 F.3d 708, 712-13 (9th Cir. 2001) (quotation marks omitted) (quoting Bowles v. Reade, 198 F.3d 752, 757-58 (9th Cir. 1999)). "[I]t is the consideration of prejudice to the opposing party that carries the greatest weight." Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003). "Absent prejudice, or a strong showing of any of the remaining [ ] factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend." Id.

B. Background

On March 13, 2019, plaintiff filed the original complaint. (ECF No. 1.) Plaintiff alleged that he received inadequate medical care for hepatitis C at California State Prison-Corcoran ("Corcoran") and the California Medical Facility ("CMF"). (Id.) On May 8, 2019, the undersigned dismissed the complaint with leave to amend. (ECF No. 6.)

On June 7, 2019, plaintiff filed a first amended complaint alleging inadequate medical care for hepatitis C at Corcoran and CMF. (ECF No. 9.) On September 12, 2019, the undersigned ordered service of the amended complaint as to defendants Loadholt, Brar, Moon, Sanchez, Rading, Dhillon, Aguilera, Haile and Kelso. (ECF No. 11.)

On March 12, 2020, defendants Dhillon, Haile, Rading, Loadholt, Moon and Aguilera answered the amended complaint. (ECF No. 39.)

On June 22, 2020, plaintiff filed a second amended complaint alleging inadequate medical care for hepatitis C at CMF and Corcoran. (ECF No. 53.) On August 19, 2020, the undersigned

denied plaintiff's motion to file a second amended complaint with leave to file a third amended complaint. (ECF No. 68.)

On September 21, 2020, plaintiff filed a third amended complaint alleging inadequate medical care for hepatitis C at CMF and Corcoran. (ECF No. 78.) Plaintiff named previously named defendants Loadholt, Moon, Rading, Dhillon, Aguilera and Haile as defendants in the third amended complaint. (Id.) Plaintiff also named as defendants Dr. Bick, Dr. McCabe, Dr. McGuiness, Dr. DiTomas and Nurse Plascencia. (Id.)

On November 25, 2020, the undersigned recommended that plaintiff's motion to file a third amended complaint be granted in part and denied in part. (ECF No. 93.) In particular, the undersigned recommended that plaintiff's motion to amend be granted as to the claims against newly named defendants McCabe, McGuiness, Bick and DiTomas, and denied as to the claims against newly named defendant Plascencia. (Id.)

On September 30, 2021, Chief District Judge Kimberly J. Mueller adopted the November 25, 2020 findings and recommendations. (ECF No. 101.) On October 1, 2021, Judge Mueller appointed counsel to draft and file an amended complaint on plaintiff's behalf. (ECF No. 102.)

This action proceeds on plaintiff's fifth amended complaint, filed February 10, 2022, prepared by court-appointed counsel on plaintiff's behalf. (ECF No. 106.) In the fifth amended complaint, plaintiff generally alleges that he was denied adequate medical care for hepatitis C at CMF. (Id.) Named as defendants in the fifth amended complaint are formerly named defendants Rading, Haile, Aguilera, Dhillon and DiTomas. (Id.)

On February 24, 2022, defendants Dhillon, Haile, Rading and Aguilera answered the fifth amended complaint. (ECF No. 108.) On May 23, 2022, the court dismissed the doe defendants named in the fifth amended complaint. (ECF No. 124.) On August 19, 2022, the court granted the motion to dismiss the claims against defendant DiTomas raised in the fifth amended complaint with prejudice. (ECF No. 130.) The court found that the fifth amended complaint failed to allege facts demonstrating that defendant DiTomas knew that plaintiff was denied adequate treatment for hepatitis C. (ECF Nos. 126, 130).

////

Plaintiff's proposed sixth amended complaint names defendants Dhillon, Haile, Rading and Aguilera as defendants. (ECF No. 137 at 6-13.) Plaintiff also names as defendants previously dismissed defendant DiTomas, former CMF Chief Medical Officer Dr. Bick, Pelican Bay State Prison ("PBSP") Dr. Jacobson, PBSP Dr. Tootell, PBSP Nurse Hashem and PBSP Nurse Williams. (Id. at 14-23.) Plaintiff alleges that defendants DiTomas, Bick, Jacobson, Tootell, Hashem and Williams denied plaintiff adequate medical care for hepatitis C. (Id.)

In the motion to amend, filed in support of the proposed sixth amended complaint, plaintiff alleges that the court-appointed counsel who prepared the fifth amended complaint failed to name supervisory personnel as defendants, i.e., defendants DiTomas and Bick. (ECF No. 136 at 1.) Plaintiff alleges that he now seeks to name as defendants the supervisory personnel and PBSP medical personnel who allowed plaintiff to be transferred to PBSP despite his health problems related to hepatitis C and who failed to treat him. (Id.)

C. Discussion

The undersigned herein considers the five factors set forth above for evaluating motions to amend.

*Previous Amendments*

As observed by defendants in the opposition, plaintiff previously amended his complaint several times. Court appointed counsel prepared the operative fifth amended complaint. Plaintiff's fifth amended complaint did not name as defendants the newly named PBSP defendants or defendant Bick. The court previously dismissed with prejudice the claims raised against defendant DiTomas in the fifth amended complaint. For these reasons, the undersigned finds that plaintiff's previous amendments favor denial of his pending motion to amend.

*Prejudice to Defendants*

In the opposition, defendants argue that allowing plaintiff to amend will prejudice defendants. Defendants contend that in the proposed sixth amended complaint, plaintiff seeks to add six defendants, one of whom was already dismissed with prejudice, after discovery is closed and the parties are two months from the dispositive motion deadline.[1]

---

[1] On September 22, 2022, the undersigned reopened discovery for forty-five days for the limited

4

1    "'Undue prejudice' means substantial prejudice or substantial negative effect." SAES
2    Getters S.p.A. v. Aeronex, Inc., 219 F. Supp. 2d 1081, 1086 (S.D. Cal. 2002). "[T]he Ninth
3    Circuit has found such substantial prejudice where the claims sought to be added 'would have
4    greatly altered the nature of the litigation and would have required defendants to have undertaken,
5    at a late hour, an entirely new course of defense.'" Id. (quoting Morongo Band of Mission
6    Indians v. Rose, 893 F.2d 1074, 1079 (9th Cir. 1990)). "Prejudice is generally mitigated where
7    the case is still in the discovery stage, no trial date is pending and no pretrial conference has
8    occurred." Calderon v. Tulare Reg'l Med. Ctr., 2018 WL 4473626, at *5 (E.D. Cal. Sept. 17,
9    2018).

10   The undersigned finds that expanding this action to include claims at PBSP greatly alters
11   the nature of this litigation at this late stage of the litigation. In addition, allowing plaintiff to
12   proceed with claims against defendant DiTomas, Bick and the PBSP defendants would require
13   reopening discovery. Therefore, allowing plaintiff to add these new defendants would
14   substantially prejudice defendants. For these reasons, this factor favors denying plaintiff's
15   motion to amend.

16   *Undue Delay*

17   "Relevant to evaluating the delay issue is whether the moving party knew or should have
18   known the facts and theories raised by the amendment in the original pleading." Jackson v. Bank
19   of Hawaii, 902 F.2d 1385, 1388 (9th Cir. 1990).

20   In the opposition, defendants contend that at the time plaintiff filed this action in March
21   2019, plaintiff knew of all the facts he relies on in his sixth amended complaint against the PBSP
22   defendants. The sixth amended complaint alleges that the alleged deprivations by the PBSP
23   defendants occurred in 2017-2018. (ECF No. 137 at 20-22.) Defendants argue that plaintiff
24   offers no reason for his delay in asserting his claims against the PBSP defendants.
25   ////
26

27   purpose of defendants taking plaintiff's deposition. (ECF No. 135.) The undersigned also reset the dispositive motion deadline to January 13, 2023. (Id.)
28

5

As for defendant Bick, defendants contend that plaintiff dropped him as a defendant from this lawsuit in February 2022. Defendants argue that plaintiff now attempts to reverse that decision over eight months later and offers no explanation for this delay.

For the reasons stated by defendants in the opposition, the undersigned finds that plaintiff engaged in undue delay in raising his claims against the PBSP defendants and in seeking to reverse the decision to drop defendant Bick as a defendant. This factor favors denying plaintiff's motion to amend.

*Bad Faith*

"A party acts in bad faith when it seeks to amend its pleadings solely for a 'wrongful motive' such as unnecessary delay or harassment." Delgado v. Orchard Supply Hardware Corp., 2011 WL 4627073, *3 (E.D. Cal. Oct. 3, 2011) (citing DCD Programs, 833 F.2d at 187); see also Larios v. Nike Retail Servs., Inc., 2013 WL 4046680, *3 (S.D. Cal. Aug. 9, 2013) ("Finding bad faith requires courts to focus on the plaintiff's motives for not amending the complaint to assert the proposed new claims earlier," citing Adams v. Gould Inc., 739 F.2d 858, 868 (3d Cir. 1984)). "[O]ccasionally, delay in itself may be evidence of bad faith sufficient to justify denial of leave to amend." Larios, 2013 WL 4046680 at *3. Repetitious motions to amend can also be evidence that a plaintiff seeks to amend her complaint in bad faith. Id. (citing Wood v. Santa Barbara Chamber of Commerce, Inc., 705 F.2d 1515, 1520 (9th Cir. 1983)).

Defendants argue that plaintiff acts in bad faith because he attempts to sue defendant DiTomas despite the fact that she was dismissed with prejudice in August 2022. Defendants also argue that plaintiff was twice warned by the court that further amendments would likely be rejected.

The claims against the newly named defendants at PBSP in the proposed sixth amended complaint involve events occurring in 2017-2018. (ECF No. 137 at 20-23.) Plaintiff does not explain his delay in raising these claims. In addition, court-appointed counsel did not name defendant Bick or the PBSP defendants as defendants in the fifth amended complaint.

Plaintiff's delay in naming the PBSP defendants, his renaming of defendants DiTomas and Bick and his repetitious motions to amend are evidence of bad faith. Accordingly, the

undersigned finds that the claims against the newly named defendants in the sixth amended complaint are brought in bad faith.

*Futility*

Defendants argue that the proposed new claims against defendant DiTomas are futile because the claims against defendant DiTomas were previously dismissed with prejudice. Defendants argue that the proposed new claims against defendant Bick are futile because plaintiff fails to link defendant Bick to the alleged deprivations. Finally, defendants argue that the proposed new claims against the PBSP defendants are futile because these claims are barred by the statute of limitations.

The undersigned agrees that plaintiff's proposed new claims against defendant DiTomas are futile because the claims against defendant DiTomas were previously dismissed with prejudice.

For the following reasons, the undersigned finds that plaintiff's claims against defendant Bick raised in the sixth amended complaint are futile. In the fifth amended complaint, plaintiff alleges that primary care providers are the gatekeepers when it comes to specialty care. (ECF No. 126 at 8.) The fifth amended complaint does not allege that a primary care provider at CMF found plaintiff eligible for hepatitis C treatment. (Id.)

In the proposed sixth amended complaint, plaintiff alleges that defendant Bick was the Chief Medical Executive at CMF and a member of the MARC/UMC. (ECF No. 137 at 17.) Plaintiff alleges that the MARC/UMC reviews all decisions made by primary care physicians for specialty care, including hepatitis C treatment. (Id.) Plaintiff also alleges that defendant Bick reviewed grievances filed against primary care physicians. (Id.) Plaintiff alleges that defendant Bick denied plaintiff treatment for hepatitis C despite knowing that plaintiff qualified for treatment. (Id. at 17-19.)

In the proposed sixth amended complaint, plaintiff alleges that his primary care providers at CMF (defendants Rading, Dhillon, Haile, and Aguilera) denied him treatment for hepatitis C. Plaintiff does not allege that a primary care provider at CMF found plaintiff eligible for hepatitis C treatment and referred him to the MARC/UMC. Plaintiff also does not specifically allege that

7

defendant Bick denied a grievance filed by plaintiff seeking hepatitis C treatment.  For these reasons, the undersigned finds that the plaintiff's claim in the sixth amended complaint that defendant Bick denied him treatment for hepatitis C is unsupported.  See Blantz v. CDCR, 727 F.3d 917, 926 (9th Cir. 2013) (supervisory liability may not be based solely on conclusory allegations made on "information and belief.")

Turning to the claims against the PBSP defendants raised in the sixth amended complaint, plaintiff alleges that these defendants denied his requests for hepatitis C treatment in 2017-2018. (ECF No. 137 at 20-22.)  In the opposition, defendants argue that plaintiff's claims against the PBSP defendants accrued in June 2018, when plaintiff began hepatitis C treatment.  (ECF Nos. 137 at 22; ECF No. 139 at 6.)  Defendants contend that plaintiff had four years from the date his claims accrued to raise his claims.  Maldonado v. Harris, 370 F.3d 945, 954 (9th Cir. 2004) (for claims under 42 U.S.C. § 1983, the court uses the statute of limitations for personal injury actions from the forum state); Cal. Code Civil Proc. § 335.1 (two-year statute of limitations); Cal. Code Civil Proc. § 352.1 (two-year tolling for imprisonment).  Defendants argue that plaintiff raised his claims regarding the PBSP more than four years after June 2018 because plaintiff filed the proposed sixth amended complaint on October 21, 2022.

The statute of limitations is tolled while a prisoner completes the mandatory exhaustion process.  Brown v. Valoff, 422 F.3d 926, 943 (9th Cir. 2005).  Without further information regarding the time plaintiff exhausted administrative remedies regarding his claims against the PBSP defendants, the undersigned cannot determine whether plaintiff's claims against these defendants are barred by the statute of limitations.

Because plaintiff's claims against defendants DiTomas and Bick are futile, the undersigned finds that this factor favors denying plaintiff's motion to amend as to these defendants.

*Conclusion*

The undersigned finds that the five factors discussed above weigh against granting plaintiff's motion to proceed on the sixth amended complaint.  Most importantly, the undersigned finds that defendants would be prejudiced were plaintiff allowed to raise new claims against new

8

defendants at this stage of the litigation. If the court granted plaintiff's motion to amend, discovery would have to be reopened and the dispositive deadline extended. The further delay in resolution of this action would prejudice defendants. Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048 at 1052 ("[I]t is the consideration of prejudice to the opposing party that carries the greatest weight."). Accordingly, for the reasons discussed above, the undersigned recommends that plaintiff's motion to amend be denied.

### III. Plaintiff's Motion to Amend Dispositive Motion Deadline

The dispositive motion deadline is January 13, 2023. (ECF No. 135.) In the pending motion, plaintiff requests that the dispositive motion deadline be rescheduled following resolution of plaintiff's pending motion to amend. (ECF No. 138.) On December 1, 2022, defendants filed an opposition to plaintiff's motion to amend the dispositive motion deadline. (ECF No. 140.)

In an abundance of caution, the undersigned finds good cause to vacate the January 13, 2023 dispositive motion deadline until thirty days after the district court rules on plaintiff's motion to amend.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to amend the dispositive motion deadline (ECF No. 138) is granted;
2. The January 13, 2023 dispositive motion deadline is vacated and reset to thirty days after the district court's ruling on plaintiff's pending motion to amend; and

IT IS HEREBY RECOMMENDED that plaintiff's motion to file a sixth amended complaint (ECF No. 136) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within fourteen days after service of the objections. The

////

////

parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  December 9, 2022

*[signature: Kendall J. Newman]*
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Pat451.ame(6)