UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY L. PATTON,<br><br>            Plaintiff,<br><br>     v.<br><br>F.N.P. LOADHOLT, et al.,<br><br>            Defendants. | No. 2: 19-cv-0451 KJN P<br><br><br>ORDER |

       Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983. For the reasons stated herein, plaintiff's form declining consent to the jurisdiction of the undersigned, filed June 26, 2023, is disregarded.

       On March 3, 2019, plaintiff consented to the jurisdiction of the undersigned. (ECF No. 3.) On May 8, 2023, defendants consented to the jurisdiction of the undersigned. (ECF No. 158.) On June 2, 2023, the Honorable Kimberly J. Mueller reassigned this action to the undersigned based on the consent forms filed by both parties. (ECF No. 162.)

       Once a civil case is referred to a magistrate judge under 28 U.S.C. § 636(c), the reference can be withdrawn only by the district court, and only "for good cause shown on its own motion, or under extraordinary circumstances shown by any party." Dixon v. Ylst, 990 F.2d 478, 480 (9th Cir. 1993) (quoting Fellman v. Fireman's Fund Ins. Co., 735 F.2d 55, 58 (2d Cir. 1984)); 28 U.S.C. § 636(c)(6); Fed. R. Civ. P. 73(b).

Plaintiff failed to file a motion to withdraw his consent to the jurisdiction of the undersigned. For this reason, plaintiff's form declining jurisdiction, filed June 26, 2023, is disregarded. If plaintiff files a motion to withdraw his consent to the jurisdiction of the undersigned, this motion shall be referred to the District Court. A motion to withdraw consent shall address the extraordinary circumstances supporting the motion. Dixon, 990 F.2d at 480.

Accordingly, IT IS HEREBY ORDERED that plaintiff's form declining consent to the jurisdiction of the undersigned (ECF No. 166) is disregarded.

Dated: June 29, 2023

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Pat451.con